**Gertie Silkwood, Appellant, v. Ennis Silkwood, Appellee.**

Opinion filed September 12, 1931. Rehearing denied and opinion modified October 27, 1931.

EVERETT LEWIS and W. JOE HILL, for appellant; ROY C. MARTIN, of counsel.

WALTER W. WILLIAMS, THURLOW G. LEWIS, R. E. SMITH and CARTER H. HARRISON, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Appellant, Gertie Silkwood, filed her bill for divorce against her husband, Ennis Silkwood, in the circuit court of Franklin county, to the September, 1930, term of such court. The bill charges adultery and extreme and repeated cruelty; avers that the parties were and had been, for a considerable period of time, partners in the operation of several refreshment stands; that the business had proven profitable; that as a result the defendant had in his possession a large sum of money, the profits of the partnership, in which she had an undivided equal interest; that he was using such funds in speculating, and same were liable to be lost.

She prayed for a decree of divorce, an accounting of partnership funds, and a division of same; asked that the husband be enjoined from spending or using such funds, and that a receiver be appointed for the assets of the firm.

A temporary injunction was issued by the court, without notice and without bond.

Appellee filed his answer denying the allegations of the bill as to the adultery and cruelty charged therein, or the existence of the partnership, and also moved to dissolve the injunction. He then filed his cross-bill for divorce, charging his wife with adultery; to which she filed her answer denying all its allegations as to the offense charged.

The cause was heard by the chancellor. At the conclusion of appellant's case, the appellee moved the court to dismiss the original bill for want of equity. The court sustained the motion, dismissed the bill, and dissolved the temporary injunction; whereupon appellee dismissed his cross-bill. The chancellor having entered decree in· accordance with such ruling, appellant has perfected this appeal.

Mrs. Silkwood concedes that the court rightly held that she had not proven facts sufficient to justify awarding her a divorce, but contends that the court, having jurisdiction of the subject matter and the parties, should have proceeded to adjust all equities between them, raised by the allegations of her bill; should have determined the rights of the partnership, which she argues were averred and proven, invoking the familiar rule that equity, having obtained jurisdiction of a cause for one purpose, will retain it to do complete justice between the litigants.

As bearing upon this contention we find the Supreme Court, in discussing the powers of equity courts in divorce cases, has stated the following rule: "It is well settled that in this country the jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute. While courts of equity may exercise their powers as such within the limits of the jurisdiction conferred by the statute, such jurisdiction depends upon the grant of the statute and not upon general equity powers." *Smith v. Johnson,* 321 Ill. 134, 140.

Section 6 of the Divorce Act, Cahill's St. ch. 40, ¶ 7, provides: "The process, practice and proceedings under this Act shall be the same as in other cases in chancery, except as herein otherwise provided, and except that the answer of the defendant need not be on oath."

Section 17 of the same act, Cahill's St. ch. 40, ¶ 18, reads: "Whenever a divorce is granted, if it shall

appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable.''

The action of divorce being governed by legislative enactment, courts have only such authority to adjudicate in such cases as the statute confers. Said section 7 states the proceedings shall be the same as in other chancery cases, except as the Act shall otherwise provide; and section 18, giving power to courts, in divorce cases, to adjust the property interests of the parties, ''whenever a divorce is granted'' restricts the right of the chancellor to decree a division or settlement of property, to those suits where one of the parties has been adjudged entitled to a divorce.

To the same effect is the general rule as given in 19 Corpus Juris, page 332, sec. 772: ''Where a divorce is refused, the court is not authorized to decree a distribution of the property of the parties, unless such a course is expressly authorized by statute, which is the case in some states.''

It being conceded that the chancellor correctly denied the appellant a divorce, it follows that his power to further adjudicate in the cause concerning the property which was in appellee's possession, and a portion of which appellant claimed belonged to her, was at an end, and his only authority was to dismiss her bill for want of equity and to dissolve the temporary injunction.

The decree properly dismissed the bill for want of equity in so far as it prayed for a divorce, but the court was without jurisdiction of the accounting feature of the bill, and the decree is modified so as to permit appellant to institute and maintain proceedings for the settlement of any partnership that may have existed between the parties. Each of the parties will pay one-half of the costs in this court.

*Affirmed in part; reversed in part.*