Marie A. Fortier, Appellee, v. Peter J. Fortier, Appellant.

Gen. No. 42,669.

Opinion filed December 13, 1943.   Rehearing denied December 28, 1943.

EDWARD H. NELSON, of Chicago, for appellant.

HERMAN L. EPSTEIN, of Chicago, for appellee; ABRAHAM MILLER, of Chicago, of counsel.

·MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff filed her complaint for divorce charging defendant with cruelty, and being in fear of bodily harm, she was forced to separate from him October 10, 1939.  She also alleged that prior to her marriage she had been gainfully employed and had accumulated about $2,500 which was used to purchase and repair a certain piece of real estate which was owned in joint tenancy; that the parties owned another piece of real estate the title to which was held by them as joint tenants and also owned various certificates of stock; that defendant had threatened to dispose of the real estate and the stock certificates and prayed that he be enjoined from doing so.  Defendant answered denying the charges of cruelty and afterward filed his counterclaim and prayed for an accounting.  Plain-

tiff filed her answer to the counterclaim and December 23, 1940, defendant filed an amendment to his counterclaim praying for a divorce on the ground that plaintiff had wilfully deserted him on October 10, 1939. Defendant's counsel in his brief says that about two years thereafter, defendant "presented a motion for leave to file an amended cross-complaint for divorce" which was denied by the court December 8, 1942.

The question of the accounting was referred to a master in chancery and December 2, 1940, the parties began presenting the evidence, and while the matter was there pending the chancellor heard the divorce proceedings. June 13, 1941, both the complaint and the counterclaim were dismissed, apparently on the ground that neither party was entitled to a divorce. About 15 months afterward the master, on September 9, 1942, made up his report and October 16, 1942, he certified that he had overruled the objections to the report which had been filed by each of the parties. None of the evidence taken before the master, about 600 pages, has been abstracted. Only the common law record is abstracted.

January 11, 1943, the court entered a decree which purports to adjudicate the rights of the parties as to the property involved on the hearing before the master. The decree recites the pleadings; that a divorce had been denied to plaintiff and to the defendant and that "thereafter the said Peter J. Fortier, as defendant and counter-plaintiff filed his petition, praying that he be given leave to file an Amendment for Divorce." The decree then recites that objections to the master's report were overruled and that they were theretofore overruled by the court, and a disposition of the properties involved is provided for. The defendant and counter-claimant, Peter Fortier, appeals.

Counsel for defendant in stating his "Theories of the Case" says how the parties obtained the property

involved and how the title was held; "that the plaintiff has never acted in good faith and has deliberately failed to account for all her properties . . . ; that each party hereto should be placed in the relative position before marriage, less costs of living during marital relationship and that the defendant be allowed to file his amended counterclaim for divorce, and if facts alleged be proven, the defendant granted a divorce and proper and equitable distribution of the real estate and personal effects." No points are made in the brief, as required by Rule 7 of this court, but counsel for defendant says that defendant "on December 8, 1942, while no divorce action pending since June 13, 1941, presented a motion for leave to file an amended cross-complaint for divorce alleging desertion" which motion the court denied. We have been unable to find the petition in the record, nor is there any showing what the allegations of the proposed amended counterclaim were. So that we are unable to say that the denial of defendant's motion was not warranted.

A further argument is made by counsel for defendant as to the disposition of the property made by the decree but none of this evidence is abstracted, and while we do not want to be at all technical as to the sufficiency of the abstract, and in nearly every case that comes before this court we look at the record, yet we think that in the instant case, the abstract is wholly insufficient. As stated, none of the evidence taken before the master is abstracted, and we think it is not our duty to search through the 600 pages of the evidence.

We think we ought to say that in a divorce case the chancellor ought not to refer the question of the property rights to a master until the case has reached such a point that it is obvious a decree of divorce will be entered. Whether the court had any authority to enter the decree after the complaint and counterclaim for divorce had each been denied, dividing the prop-

erty, need not be passed upon because no such suggestion is made by either party. *Silkwood v. Silkwood,* 262 Ill. App. 516.

We have been unable to find any evidence in the record taken before the chancellor on the divorce suit. In these circumstances the decree appealed from will not be disturbed. The errors claimed by defendant for reversal on the record, for the reasons stated, cannot be sustained.

*Decree affirmed.*

NIEMEYER and MATCHETT, JJ., concur.