(No. 21178.— )
Ruth Anderson, Defendant in Error, *vs.* Arthur Anderson, Plaintiff in Error.

*Opinion filed June 24, 1932.*

HARRY M. PHIPPS, for plaintiff in error.

BENJAMIN H. EHRLICH, (AARON H. COHN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

On September 2, 1928, Ruth Anderson filed her bill of complaint in the superior court of Cook county against Arthur Anderson, her husband, for partition of seven tracts of real estate in the city of Chicago, and for other relief. For a full statement of the pleadings, procedure, decree of of the superior court, and judgment of this court upon review, reference is made to *Anderson* v. *Anderson,* 339 Ill. 400. The mandate of this court was filed in the superior court but no further proceedings in the cause were had thereafter. On October 30, 1931, Arthur Anderson filed his bill, said to be a bill in the nature of a bill of review, in the superior court of Cook county, setting out all the proceedings in the cause, praying that the decree might be reviewed and set aside and no further proceedings taken thereunder and for such further relief in the premises as equity may require. Attached to his bill is his affidavit, in which he states that on August 25, 1931, he learned for the first time "that the decree rendered in said cause, being unsatisfactory to Ruth Anderson and her solicitor, Benjamin H. Ehrlich, could be voided by depriving the court of the full record; that he learned at said date and time that his solicitor could have demanded and taken the necessary steps to cause the certificate of evidence to have been incorporated in the Supreme Court proceeding; that on said date he learned for the first time that the certificate of evidence was in the possession of Benjamin H. Ehrlich,

solicitor for Ruth Anderson, and, notwithstanding his possession thereof, said cause was filed in the Supreme Court upon short record by Benjamin H. Ehrlich, representing Ruth Anderson, appellant, and did not file a complete record in the Supreme Court; that on said date, the 25th of August, 1931, he learned for the first time that the certificate of evidence had been bought and paid for by himself in order that the Supreme Court might have a full record but was never filed in the above entitled cause in the superior court and therefore could not be made a part of the proceedings in the Supreme Court; that on the 25th of August, 1931, he learned for the first time that Benjamin H. Ehrlich was aware of the fact that by keeping said certificate of evidence from the Supreme Court the conditions of the decree were such that the Supreme Court would render the decision as handed down; that on the 25th of August, 1931, he learned for the first time how he was deprived of $375,000 worth of property, a small portion thereof inuring to Ruth Anderson, the complainant, and the remainder to her solicitors and solicitors of himself." This document was filed in the superior court without leave of that court, and thereafter a motion was made by Ruth Anderson and the other parties named in the document to strike it from the files. Upon hearing of this motion the court found that the bill was filed without leave of court and was insufficient as a basis for the relief prayed, and ordered that it be "stricken from the files and dismissed at complainant's costs." Arthur Anderson brings the case here on writ of error.

We are not called to pass upon the sufficiency of the bill as a bill of review, or as to whether, no action having been taken in the superior court after the remandment of the cause by this court, a bill of review would lie. While a bill of review for error apparent upon the face of the record may be filed without leave of court, an original bill in the nature of a bill of review, relying on new matter

requiring extrinsic evidence, cannot be so filed and if filed without leave may be stricken from the files upon motion. (*Smith* v. *Johnson,* 321 Ill. 134; *Schaefer* v. *Wunderle,* 154 id. 577.) Plaintiff in error, Arthur Anderson, not having obtained leave of the court before filing his bill, said to be in the nature of a bill of review, it was properly stricken from the record upon motion.

The order of the superior court in dismissing the bill is affirmed.

*Order affirmed.*