GRANVILLE S. INGRAHAM

V.

JOSEPH H. STRONG.

*Guaranty—Debt of Another—Recovery on—Statute of Frauds.*

1. Unless a liability of a third party exists or is to be created, there can not be an agreement to answer for the debt, default or miscarriage of another.

2. To be within the statute of frauds it is sufficient that the promise is in writing, but the promise and writing need not be contemporaneous.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

It appeared upon the trial of this cause that appellee, desiring to supply one Robinson with $150, told one Johnson to go to appellant and get the money from him. Appellee testified that he told Johnson to say to appellant, that he, appellee, would pay the money out of the first money that came in. Johnson testified that appellee told him to go to appellant and get the money for him, appellee, and that he told appellant that appellee would pay the money if one Dwyer did not.

Appellant handed the money to Johnson, who either gave it to appellee or by his direction handed it to Robinson.

Afterward, the loan not being paid, appellee, at the suggestion of Johnson, and to show appellant that Johnson had stated the facts to him, wrote the following letter:

"AGENCY OF }
THE UNITED STATES LIFE INSURANCE COMPANY }
OF THE CITY OF NEW YORK. }

"J. H. STRONG, Manager,

    26–28 Montauk Block, Chicago, Illinois.

"*Mr. Ingraham:* Mr. Johnson borrowed of you $150, which I agreed to repay if Dwyer did not, by Monday. Mr. Dwyer has done nothing. Mr. Johnson is very anxious. I

Ingraham v. Strong.

have been kept constantly at home by illness of my wife. Just as soon as I can get down to business I will pay the $150 if Dwyer does not.   Will call at my earliest convenience.

"J. H. STRONG."

Some time thereafter appellant wrote to appellee as follows:

"HYDE PARK, October 11, 1886.

"J. H. STRONG,

"*Dear Sir:* Will you please advise me as to the payment of the loan I made on your guaranty, all of which I have in writing.   I very much dislike to put the matter in the hands of my attorney, but surely shall unless paid soon.   Can you afford to go back on your word in your prominent position? Please advise me and oblige,

" Yours truly,

" G. S. INGRAHAM."

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Mr. GEORGE F. WESTOVER, for appellee.

WATERMAN, J.   We think it clearly appears from the record in this case that appellee was the original promisor, upon the strength of whose undertaking the loan was made.

Johnson, whom appellee sent for the money, and appellant, who furnished it, say that it was loaned upon appellee's promise to pay.   Appellee in his letter declares that he agreed to pay if Dwyer did not by Monday; and then recognizing his obligation, says: "Just as soon as I can get down to town I will pay the $150 if Dwyer does not. "

In a transaction of this kind, hurriedly done, without the usual business formalities, and concerning a matter which was for the parties to it a small sum, it is not to be expected that the persons who did the business would four years afterward remember accurately what was said at the time; what they, when the circumstances were fresh and before any trouble had arisen, put down in writing is vastly better evidence of what the real undertaking was, than anything they may remember now.

The contention of appellee is, that his promise was collateral only; but collateral to what? Dwyer made no promise; he was then in New York; there is no evidence that Johnson promised anything or that Robinson, to whom the money went, undertook to repay it.

The letter written by appellant is perfectly consistent with his present position that he loaned the money on the original promise of appellee, and there is nothing to show that any other person was ever liable to him, save only that Johnson would be responsible if he had told appellant an untruth. .

It is true to be sure that appellant in his letter says that he made the loan on the guaranty of appellee, but we do not think that of itself establishes that there was a third person to whom credit was given; certainly this record does not disclose a liability upon the part of any third party, and unless a liability of a third party exists or is to be created, there can not be an agreement to answer for the debt, default, or miscarriage of another. Browne on the Statute of Frauds, Sec. 157; Griffin v. Derby, 5 Greenleaf (Me.), 476; Merrill v. Englesby, 28 Vt. 150–158; Peck v. Thompson, 3 Comstock, 335; Jefferson v. Hunt, 2 Allen (Mass.), 417–422.

If the undertaking were to be considered as a promise to answer for the debt, default or miscarriage of another, we think the written promise sufficient.

It is sufficient that the promise is in writing; the statute does not say that the making of some memorandum or note thereof, of the promise and writing, must be contemporaneous; what the statute requires is that " the promise or agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Browne on the Statute of Frauds, Sec. 352; Ide & Smith v. Stanton, 15 Vt. 685–690; Bird v. Munroe, 66 Maine, 337; Sievenwcight v. Archibald, 102 Com. Laws, 104–107; Larned v. Wannemacker, 9 Allen 412–416; Gale v. Nixon, 6 Cowen, 445.

In the case at bar there was originally a verbal promise; of this there is a memorandum in writing, and also a written promise given at a subsequent time.

For the original promise there was a good and valuable consideration; so that both the statute of frauds, which requires a memorandum in writing, and the common law, which requires a consideration as the basis of a binding promise, are satisfied.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*