(No. 14539.—Judgment affirmed.)

THE WESTERN METALS COMPANY, Plaintiff in Error, *vs.* THE HARTMAN INGOT METAL COMPANY, Defendant in Error.

*Opinion filed June 21, 1922.*

1. CONTRACTS—*when a contract of sale composed of separate writings will satisfy the Statute of Frauds.* To take a contract of sale of merchandise out of the Statute of Frauds there need not be a formal written contract complete in one writing, but the contract may be gathered from letters, writings or telegrams between the parties if they are sufficiently connected with each other.

2. SAME—*effect where only one of several writings is signed.* Where only one of the several writings relied upon to establish a contract of sale is signed by the party to be charged the signed writing must refer expressly to the other writings, or the several writings must be so connected, either physically or otherwise, as to show by internal evidence that they relate to the same contract.

3. SAME—*what is a sufficient memorandum to satisfy Statute of Frauds.* No particular form of language is necessary to constitute the memorandum of a contract of sale requisite to satisfy the requirements of the Statute of Frauds, but any kind of writing, from a solemn deed down to mere hasty notes or memoranda from which the intention of the parties may be gathered, as in other contracts, will be sufficient.

4. SAME—*to satisfy Statute of Frauds an unsigned paper must be referred to in signed memorandum.* For connected writings to satisfy the Statute of Frauds in a contract of sale the paper signed by the party to be charged must refer to the unsigned paper in clear and distinct terms, and the signed paper cannot be incorporated in the unsigned paper by a reference in the latter.

5. SAME—*parol proof is not admissible to establish connection between writings.* Parol evidence is not admissible to show that separate writings are parts of one contract so as to satisfy the Statute of Frauds but the connection must be apparent from a comparison of the writings themselves.

6. SAME—*when sufficient memorandum of contract of sale is not established.* Sufficient memorandum of a contract of sale to avoid the Statute of Frauds is not established by correspondence between the parties, which, although it impliedly admits the existence of the contract, does not refer to the particular writing which states the terms of the contract and which it is necessary to consider in order to complete the memorandum.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

ISAAC S. ROTHSCHILD, for plaintiff in error.

JOHN S. STEVENS, (JAMES V. O'DONNELL, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

November 2, 1918, the president of plaintiff in error and the president of defendant in error met by chance in the office of a mutual acquaintance in Cleveland, Ohio. Plaintiff in error is a dealer in scrap metal in that city and defendant in error is a manufacturer of ingot brass in Chicago. There was some talk there regarding a sale by the former to the latter of a quantity of scrap brass. Following this conversation plaintiff in error sent to defendant in error a confirmation of a sale upon a printed blank. This confirmation reads:

"Confirmation.

THE WESTERN METALS COMPANY.

Corner Detroit & Center Streets, Cleveland, Ohio.

Sales Order No. 2053.                    Date, November 2, 1918.

"Sold to Hartman Ingot Metal Company, Chicago, Ill.  Terms 30 day acceptance draft for 90% of the invoice.  F. o. b. Chicago. Shipment to be made any time between now & 1/31/19.

| Quantity and Material. | Prices. |
|---|---|
| 25 tons #1 red brass borings...........................per lb. 20c | |
| 25    "    clean light brass..............................   "    "   13c" | |

Following the receipt of this confirmation the secretary to the president of defendant in error wrote this letter:

"FPL                         CHICAGO, ILL., *Nov. 8, 1918.*
*Western Metals Co., Cleveland, Ohio:*

"GENTLEMEN—We will absolutely refuse to accept any shipments of metals until such a time as you are again notified by us to the contrary, owing to the fact that we are so badly congested here at the present time.  Trusting you will give this matter your attention, we are

"Yours very truly,

HARTMAN INGOT METAL CO.

John Hartman."

November 11 plaintiff in error acknowledged receipt of this letter and asked defendant in error to notify it when conditions at its plant would make a shipment possible.  No reply was made to this letter.  December 4 plaintiff in error again wrote defendant in error, advising it that it was shipping the fifty tons of scrap covered by the contract. Immediately upon receipt of this letter defendant in error wired that it would refuse to accept the shipment.  On the same day it wrote plaintiff in error that it would under no circumstances receive any materials until it had notified plaintiff in error to make shipment.  December 9 plaintiff in error replied to this letter and telegram, saying that it would comply with the request for a short time but that it could not withhold shipment much beyond January 1.  On receipt of this letter defendant in error replied that no shipments were to be made until specific instructions were sent to that effect.  January 3, 1919, plaintiff in error wrote that it could not longer withhold shipment and that it pro-

303–31

posed to make shipment at once, and requested shipping instructions. Four days later defendant in error replied to this letter as follows: "On account of the government canceling orders on all purchases they have made we are likewise canceling all written orders we have given our trade. We might have given you a verbal order, and this would be under the same ruling as all written orders we have given others." Following receipt of this letter plaintiff in error began an action in assumpsit in the superior court of Cook county for breach of the contract of sale. To the declaration filed, defendant in error pleaded the general issue, the Statute of Frauds of Ohio and the Statute of Frauds of Illinois. A trial was had before a jury, which returned a verdict for $4500 in favor of plaintiff in error. On appeal to the Appellate Court the judgment of the superior court entered on this verdict was reversed. The cause comes here by *certiorari*.

That an oral contract of sale was made in Cleveland is finally established by the verdict of the jury, the judgment of the superior court and the action of the Appellate Court in reversing the judgment of the superior court without remanding and without making a finding of fact different from the finding of the trial court. The Appellate Court found that the action was barred because of the provisions of section 4 of the Uniform Sales act, commonly called the Statute of Frauds. This section provides: "A contract to sell or a sale of any goods  *  *  *  of the value of $500 or upwards shall not be enforceable by action  *  *  *  unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." (Hurd's Stat. 1921, p. 2855.)

It is not necessary in order to take the contract of sale out of the Statute of Frauds that there be a formal written contract, nor is it necessary that the written memorandum be complete in one writing. (*Ullsperger v. Meyer*, 217 Ill. 262.) It is well established that a complete contract, bind-

ing under the Statute of Frauds, may be gathered from letters, writings and telegrams between the parties relating to the subject matter of the contract and so connected with each other that they may be fairly said to constitute one paper relating to the contract, though only one of the writings may be signed by the party to be charged. No particular form of language is necessary to constitute the memorandum requisite to satisfy the requirements of the statute. Any kind of a writing, from a solemn deed down to mere hasty notes or memoranda from which the intention of the parties may be gathered, as in other contracts, will be sufficient. (*McConnell* v. *Brillhart,* 17 Ill. 354; *Lasher* v. *Gardner,* 124 id. 441; *Flegel* v. *Dowling,* (Ore.) 102 Pac. 178.) It is equally well established that the signed writing or writings must refer expressly to the other writing, or the several writings must be so connected, either physically or otherwise, as to show by internal evidence that they relate to the same contract. (*Wood* v. *Davis,* 82 Ill. 311; *Kopp* v. *Reiter,* 146 id. 437; *Peck* v. *Vandemark,* 99 N. Y. 29, 1 N. E. 41; *White* v. *Breen,* 106 Ala. 159, 32 L. R. A. 127.) A paper signed by the party to be charged cannot be incorporated in a paper not signed by him by a reference in the latter. The signed paper must refer to the unsigned paper in clear and distinct terms. (27 Corpus Juris, 263.) Oral evidence is inadmissible to connect the several papers or show that they relate to the same transaction. Oral evidence can only bring together the different writings. It cannot connect them. They must show their connection by their own contents. The connection must be apparent from a comparison of the writings themselves. (25 R. C. L. 680; 2 Page on Contracts, 2285; 29 Am. & Eng. Ency. of Law,—2d ed.—850; *Cunha* v. *Gallery,* 29 R. I. 230, 69 Atl. 1001.) After the several writings connect themselves together into one complete memorandum, parol proof is proper to show that the several writings apply to the subject matter of the suit and not to some

other sale. This is equally so in case the complete memorandum is contained in one writing. The rule with respect to the admission of parol proof is the same whether the memorandum is to be found on one paper or on several papers which connect themselves together. The wisdom of the rule forbidding the use of oral evidence to show the connection between the several papers is at once apparent. If it is necessary to use oral evidence to show that the papers are parts of one contract of sale then the contract becomes partly oral and partly written, and we have then introduced all the mischiefs which the Statute of Frauds and Perjuries was intended to prevent. The line must be established somewhere, and that line has been wisely established at a definite point. If we break across this line and permit the use of some oral evidence to connect the writings then we introduce into the law confusion and uncertainty, because no one will then know how much oral evidence will be permitted to join the several writings in a given case. We think the established rule a wise one and will not depart from it.

Turning now to the several writings in the case at bar, what do we find to connect them? It must be apparent to anyone that the correspondence admitted the existence of a contract of sale, but that is not the question for us to decide. That question is already settled by the judgment of the Appellate Court. The only question presented to us is whether there is a memorandum of this contract of sale, complete in all its terms and signed by defendant in error. There is no contention that such a memorandum exists unless the letters signed by it are so connected with the confirmation dated November 2, 1918, as to make the confirmation and the letters a memorandum sufficient to satisfy the requirements of the statute. The correspondence will be examined in vain in an effort to find the slightest reference to the confirmation. At no time does defendant in error admit that the confirmation correctly states the terms

of the contract. In fact, defendant in error does not even admit in its correspondence the existence of the confirmation. Conceding that its letters admit the existence of the oral contract of sale, there is nothing in the letters, or in any paper to which the letters refer, that states any of the terms of the contract. It is unquestionably the law that the memorandum upon which it is sought to charge a party to a contract must state the contract with such certainty that its essentials can be known from the signed writing, or by some reference contained in the signed writing to some other writing, without recourse to parol proof to supply the essential elements of the contract or to supply the connecting links between the signed writing and some other writing or writings. It is clear that the correspondence offered in evidence in this case does not meet these requirements.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

---

(No. 14510.—Reversed and remanded.)
PHILIP DRAY, Plaintiff in Error, *vs.* THE FIRST NATIONAL BANK OF ALLEGAN, Defendant in Error.

*Opinion filed June 21, 1922.*