BRUCE D. SMITH, Appellant, vs. PAULINE M. JOHNSON
et al. Appellees.

Opinion filed April 23, 1926.

1. DIVORCE—jurisdiction in divorce cases is statutory. Jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute, and while courts of equity may exercise their powers as such within the limits of the jurisdiction conferred by the statute, such jurisdiction depends upon the grant of the statute and not upon general equity powers.

2. SAME—effect of a decree of divorce. A decree of divorce destroys the marriage relation and with it the obligation to support the wife, except in so far as the court is authorized by statute to retain jurisdiction for the purpose of providing alimony; and the wife, subsequent to the divorce, owes no duty to the husband, and cannot, therefore, be said to be subject to a regulation of her allotment on the ground of her conduct.

3. SAME—when court has no jurisdiction of petition to review decree. Where a decree of divorce is entered, and the court, after reserving jurisdiction of the subject of alimony, enters a supplemental decree finding that the parties had made provision for alimony out of court, and that "all question of the payment of alimony by the defendant to the complainant has been fully settled by and between the parties," the court cannot take jurisdiction of a petition by the defendant in the same proceeding to modify the decree and set aside the agreement for support of the complainant on the ground that it was fraudulently obtained, as there is no public policy requiring such jurisdiction, where the wife has waived her rights by such agreement and jurisdiction is not invoked for the benefit of the children.

4. PLEADING—cross-bill cannot be filed after hearing, as a matter of right. A cross-bill must be germane to the original proceeding and heard together with the original bill, and it may not be filed as a matter of right after the hearing on the original bill.

5. SAME—what is not a proper supplemental bill. A supplemental bill is not a proper pleading to review or alter a decree already entered by the court, and such bill is applicable only to cases where the same parties in interest remain before the court, and a petition which makes other persons parties to the proceeding and is filed for the purpose of modifying a decree cannot be properly termed a supplemental bill.

6. SAME—bill of review for newly discovered evidence cannot be filed without leave. While a bill of review for error apparent on

the face of the record may be filed without leave of court, a bill of review on the ground of newly discovered evidence, or an original bill in the nature of a bill of review, relying on new matter, cannot be so filed.

DeYoung, J., took no part.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

SIMS, WELCH, GODMAN & STRANSKY, (F. J. STRANSKY, of counsel,) for appellant.

SCOTT, BANCROFT, MARTIN & MACLEISH, and WILSON, McILVAINE, HALE & TEMPLETON, (FRANK H. SCOTT, JOHN E. MACLEISH, WILLIAM B. McILVAINE, and CRANSTON C. SPRAY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellee Pauline M. Smith (now Johnson) filed a bill for divorce in the circuit court of Cook county against the appellant on the ground of habitual drunkenness and desertion. The bill prayed for dissolution of the marriage, for custody of the three minor children, and for alimony. The appellant entered his appearance and filed an answer denying the charges of the bill. On June 3, 1920, the court, on hearing, sustained the charges of the bill and entered a decree for divorce, granting custody of the children to the complainant and reserving the question of alimony for the further order of the court. On the next day the court entered a supplemental decree, as follows: "This day came again the said complainant by her solicitors and the said defendant by his solicitor, and it appearing to the court that full provision has been made out of court by the defendant to the complainant for the support of herself and her said children, and all question of the payment of alimony by the

defendant to complainant has been fully settled by and between the parties hereto, and the court being fully advised in the premises, it is therefore ordered, adjudged and decreed that all alimony to be paid by the defendant to the complainant for the support of herself and the said children has been fully paid and satisfied, and that the said final decree entered herein on the third day of June, 1920, in so far as the same reserved, subject to the further order of this court, the sum or amount of alimony to be paid by the defendant to the complainant for the support of herself and the said children, be and the same hereby is fully satisfied and discharged."

In April, 1922, the appellant filed what he characterizes as a supplemental petition and cross-bill, naming as defendants thereto his former wife, Pauline, their three children, and his three brothers and himself as trustees under a trust agreement dated June 3, 1920. The appellant's three brothers, individually and as trustees, and his wife, (now Pauline M. Johnson,) filed a motion to strike the supplemental petition and cross-bill from the files on the ground that the court was without jurisdiction to pass upon the matter set out therein or to grant the relief prayed, and for the further reason that the supplemental petition and cross-bill had been filed without leave of court. On this motion the petition was stricken from the files, the court expressly holding that it had no jurisdiction to consider and pass upon the so-called supplemental petition and cross-bill.

The petition sets out that by protracted negotiations with the appellant's brothers, and through connivance on their part to deprive him of dominion and control over his property and to gain control thereof for themselves, and by the conspiracy of his brothers with his wife to defraud him out of his property, he was induced to convey his property to his brothers, Solomon A., Walter B. and Harold, and himself, as trustees, under the guise and pretense of making provision for the support and maintenance of his

wife and three children, but, in fact, for the purpose of depriving the appellant of the control of his property. The petition avers that the trust agreement was entered into only as the result of persuasions, importunities, threats and duress and without any consideration whatever, and in contemplation of the divorce thereafter procured by his wife. The petition alleges that if the trust agreement had any validity whatever it was solely as a provision for the support and maintenance of his wife and children, and as such constituted part of the decree for divorce theretofore entered on June 3, 1920, and that it is subject to the control and modification of the court from time to time, as provided in section 18 of the Divorce act. The petition avers that the trust agreement is illegal, inequitable, unconscionable and void; that since its execution Pauline M. Smith has married H. Lindsley Johnson, who is able to support and maintain her without assistance from the petitioner, and that by reason of such marriage the petitioner's liability to support her has ceased. It also sets out that the petitioner has married Florence Mann, and that they were residing together as husband and wife. It also averred that through improper and improvident management of the trust estate created by the trust agreement, the income from the trust estate, which should afford support also for the petitioner, has become impaired and diminished so that there is barely enough to meet the payments to Pauline M. Johnson for her benefit and that of the children.

The trust agreement referred to in the petition provides, among other things, for the payment to Pauline M. Smith of a minimum sum of $15,000 per annum for the support and maintenance of herself and the children. The property transferred consists of real and personal property, the latter being certain stocks. At the time of the execution of the trust agreement an agreement was entered into between Pauline and the appellant, by which, in consideration of such trust agreement, Pauline acknowledged complete satis-

faction of any and all claims and demands which she might have against the appellant for alimony or otherwise, and released any and all right, title or interest, including dower and homestead, in and to any and all of his property of which he was then seized or of which he might thereafter become seized. By the terms of the trust agreement the trustees were to manage the estate and first pay to the wife the sum of $15,000 per year, and thereafter to pay to the appellant a like sum, with a provision for the division of the remainder of the income if there be such. Provision was also made for changes in the manner of payment on the arrival of the children at their majority or the marriage of their mother. It also provided that the appellant might, with the consent of the other trustees, Pauline, and such of the children as had become of age, revoke or change the agreement.

The petition prays that the agreement may be set aside as inequitable and without consideration. It also contains a prayer for alternative relief, asking that if it be not set aside, it be modified in such a way as to make provision for the support and care of the children, only, and that the appellant's brothers be removed as trustees and new trustees appointed in their stead.

The appellant appealed to this court from the decree striking his petition from the files. The cause was transferred to the Appellate Court, which affirmed the decree of the circuit court and granted a certificate of importance, and the cause comes here for review.

While counsel on both sides have filed elaborate briefs and have touched upon many questions not directly involved in this lawsuit, the propositions of law involved are few and comparatively simple. As the circuit court dismissed the petition for want of jurisdiction it in nowise attempted to pass upon the merits thereof. The only question in the case for our consideration therefore is as to the jurisdiction of the court to hear the petition on its merits.

It will be seen from a reading of the supplemental decree entered by the circuit court that no order for alimony was entered. But the appellant argues that notwithstanding this condition of the record the court has jurisdiction, under section 18 of the Divorce act, to consider the trust agreement and to modify it, though it is not referred to in the decree and is not made expressly a part thereof. Section 18 of the Divorce act, so far as it is material here, provides: "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; * * * and the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance * * * as shall appear reasonable and proper."

In *Kelley* v. *Kelley*, 317 Ill. 104, it was held that before an allowance for alimony can be considered or modified, such allowance must have been made at the time the decree was entered. It is apparent in this case that unless the trust agreement can be taken as a part of the decree no decree for alimony was entered. The language of the supplemental decree seems clear. It recites that full provision has been made out of court for the support of the complainant and her children and that all questions of payment of alimony have been fully settled, and the court therefore decrees that the payment of all alimony to the complainant and her children has been paid and satisfied, and the reservation entered in the decree of the day before, retaining jurisdiction over the parties and subject matter for further consideration of alimony, is decreed to be fully satisfied and discharged. There is therefore nothing in the decree which even gives color to the claim that the court retained jurisdiction over the parties and subject matter for further consideration of alimony. Nor does the agreement contain, either by apt words or by inference, any reference to the decree, or that it is a part thereof or is to be made or con-

sidered to be such. The appellant, however, argues that regardless of that fact the public policy of the State, as declared by section 18 of the Divorce act, is that the court shall retain jurisdiction of the cause. Counsel have presented extended and elaborate arguments, citing a large number of cases concerning the public policy of the State. They show, and the appellees concede, that aside from the power given by statute in divorce matters, courts of equity, in the exercise of general equity powers, have jurisdiction over the welfare of children. (*Plaster* v. *Plaster,* 47 Ill. 290; *McFarlane* v. *McFarlane,* 43 Ore. 477; *Spain* v. *Spain,* 177 Iowa, 249; *Moross* v. *Moross,* 129 Mich. 27; *Bassett* v. *Bassett,* 99 Wis. 344.) It will be noted, however, that there is nothing in this petition which seeks to invoke the jurisdiction of a court of equity for the benefit of the children. The complaint of the petition does not concern the condition of the children. There is therefore nothing in the petition which brings it within the jurisdiction of a court of equity on such ground of public policy.

Prior to the English Divorce act of 1857 a divorce *a vinculo matrimonii* could not be decreed. It is well settled that in this country the jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute. While courts of equity may exercise their powers as such within the limits of the jurisdiction conferred by the statute, such jurisdiction depends upon the grant of the statute and not upon general equity powers. *Trotter* v. *Trotter,* 77 Ill. 510; *Kelley* v. *Kelley, supra.*

Eliminating the public policy of the State relating to the care of children as a basis for equity jurisdiction, we come, then, to the question whether there is in this State any public policy pertaining to alimony for the wife. Divorce destroys the marriage relation. The obligation to support the wife ceases with the severance of the marriage relation, except in so far as the court is authorized by statute to retain jurisdiction for the purpose of providing alimony for her.

As we have seen, there being no order for alimony in this case, the statute does not confer upon the court power to retain jurisdiction of the persons and subject matter for the purpose of later providing for alimony for the wife. In this case, also, the trust agreement is in the nature of a final settlement. The wife waives all right to alimony and to her inchoate dower and homestead in the appellant's property, including that embraced in the trust agreement. While the trust agreement states that with her consent, and that of all others concerned, the agreement may be abrogated, a provision of such a character in nowise affects the finality of the agreement. It is, so far as she is concerned, as though she had received by such an agreement, in lieu of alimony, a deed to real estate. The wife, subsequent to the divorce, owes no duty to the husband, and cannot, therefore, be said to be subject to a regulation of the allotment to her on the ground of her conduct. (*Cole* v. *Cole,* 142 Ill. 19.) There is no public policy of the State in a case of this kind so far as the wife is concerned and no reason for the existence of such public policy. It will be seen, therefore, that the court could not acquire jurisdiction of this cause as a petition to regulate matters of alimony on the ground of public policy.

The appellant also contends that this is in the nature of an original bill, and as such the court had jurisdiction to hear it. An examination of the petition filed does not show it to be an original petition. It bears the same name and number as the divorce case. The appellant refers to himself as "the defendant in the above entitled cause" and to his petition as a "supplemental petition and cross-bill in this cause." Numerous other apt references show that the petition was filed in the divorce proceeding. No summons was asked, but the petition prayed that the defendants be required to answer. If it be assumed that this is an original bill, it must, in order to receive the cognizance of a court of equity, be a pleading recognized by

that court. The appellant calls his petition a cross-bill, but it cannot be considered such, for a cross-bill is filed by a defendant who seeks some affirmative relief in addition to the matter set up in his answer as a defense to the original bill. A cross-bill must be germane to the original proceeding and heard together with the original bill. It may not be filed after the hearing on the original bill as a matter of right. (*Fread* v. *Fread,* 165 Ill. 228.) Nor can the appellant's petition be considered a supplemental bill. A supplemental bill is applicable only to cases where the same parties in interest remain before the court. The appellant has made parties defendant his three brothers and his children, none of whom were parties to the divorce proceeding. Such a bill is not a proper pleading to review or alter a decree already entered by the court. (Story's Eq. Pl.—8th ed.— secs. 332-336; Puterbaugh's Ch. Pr. p. 269*ff.*) The petition cannot, as we have seen, be styled an original bill, since it shows that it is filed in the divorce cause. The petition seeks to modify the trust agreement on the ground that it is a part of the decree. While, as we have seen, this ground is not tenable, and even though it were to be conceded so to be, an original bill in the nature of a bill of review, relying on new matter, may not be filed without leave of court, which was not had. While a bill of review for error apparent on the face of the record may be filed without leave, a bill of review on the ground of newly discovered evidence cannot be so filed. *Schaefer* v. *Wunderle,* 154 Ill. 577; *Griggs* v. *Gear,* 3 Gilm. 2; *Ricker* v. *Powell,* 100 U. S. 104.

The petition contains allegations of fraud in procuring the execution of the trust agreement and prays that it be set aside on that ground, or, in the alternative, that the agreement be modified by reason of improvident management on the part of the other trustees of the subject matter of the trust. Whatever may be the right of the appellant in a proper proceeding in equity to set aside the trust agree-

ment, there is no provision under the Divorce act granting power to afford such relief in this proceeding.

We are unable to find in this petition any basis for jurisdiction. The chancellor, therefore, did not err in striking the same from the files.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DEYOUNG took no part in this decision.