## Lorea M. Pope, Appellee, v. Frederick A. Pope, Appellant.

### Gen. No. 43,322.

 Opinion filed February 13, 1946. Released for publication March 8, 1946.

HADLEY & LEREN, of Wheaton, and WALTER B. PRENDERGAST, of Chicago, for appellant; CHARLES W. HADLEY, of Wheaton, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an order dismissing defendant's petition for modification of the alimony provision of a divorce decree. No brief has been filed in this court by plaintiff.

At plaintiff's suit the parties were divorced by a decree entered September 22, 1942. The court found in the decree that the parties had by agreement settled their "marital rights" and it approved the agreement. The court further found that the circumstances justified defendant's paying plaintiff $100 a month alimony and ordered him to do so.

April 28, 1944, defendant filed his petition asking for a reduction of the alimony because of changed circumstances. A stipulation of the facts for determination of the question of reduction was presented to the court. The agreement referred to in the decree provided among other things that the defendant should pay the plaintiff $100 per month and her attorney's fees. The trial court denied the prayer of defendant's petition on the ground that the order for alimony was agreed to by the parties and no reservation made for a later modification.

Whether the agreement was or was not incorporated in the decree and regardless of any reservation for the purpose in the decree, the court had power to modify the alimony provision. *Herrick v. Herrick,* 319 Ill. 146; *Maginnis v. Maginnis,* 323 Ill. 113; *Adler v. Adler,* 373 Ill. 361; *Miller v. Miller,* 317 Ill. App. 447. For a more comprehensive treatment of this question see the opinion, filed contemporaneously herewith, by Mr. Justice Lewe of this court in *Jacobs v. Jacobs,* 328 Ill. App. 133.

For the reasons herein given the order of the Superior Court is reversed and the cause is remanded for determination of the issue whether the alimony provision should be modified.

*Order reversed and cause remanded.*

Lewe and Burke, JJ., concur.