Frederick S. Dauwalter and Mary Jane Dauwalter, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9675. Promulgated October 3, 1947.

*James G. Holland, Esq.*, for the petitioners.
*Thomas R. Charshee, Esq.*, for the respondent.

**OPINION.**

Van Fossan, *Judge*: On September 16, 1935, the former wife of the petitioner, Mary Pralle Dauwalter, was granted an absolute divorce from petitioner by the Superior Court of Cook County, Chicago, Illinois. Prior to the entry of the decree the parties had entered into a property settlement agreement in which petitioner agreed to make certain periodic payments to his wife for her support and maintenance. After four years, in about July 1939, petitioner received a letter from his former wife requesting him to increase the payments made to her by him by the sum of $15 and, in addition, a sum equivalent to the son's tuition fee at a certain school which he was about to enter. The petitioner acceded to her request and wrote his former wife to that effect. Neither letter could be produced at the hearing.

We are not here concerned with the payments made by petitioner to his former wife under the original agreement made in 1935 during the pendency of the divorce action. The Commissioner has allowed the deduction of the amounts which he determined had been paid thereunder in 1942 and 1943. We are concerned only with the additional amounts of $575 and $810 paid by petitioner to his former wife pursuant to the so-called modification of the original agreement. The question is whether such additional payments are deductible by petitioner under section 23 (u) of the Internal Revenue Code.

Under section 23 (u) a husband is entitled, in computing his net income, to the deduction of alimony paid within his taxable year to his divorced wife, provided the amounts so paid are includible in the gross income of the wife under section 22 (k), which, so far as pertinent, is as follows:

·SEC. 22. GROSS INCOME.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of &ast; &ast; &ast; a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife &ast; &ast; &ast;.

It is contended by petitioner that he and his former wife in 1939 entered into a written agreement increasing alimony payments; that such agreement is recognizable by the divorce court under Illinois law and, therefore, is incident to a divorce decree; and that, since the additional payments involved were made pursuant to such agreement, the deduction of such amounts should be allowed.

It is argued by petitioner that the 1939 agreement was made not only to carry out an oral promise made by petitioner at the time the original agreement was entered into, but, more important, to settle a request and claim made by his former wife which, if it had not been voluntarily agreed to, would, on the basis of reasonable expectation, have resulted in an application to the court for such relief; that the court may at any time modify the alimony allowance because of changed conditions, as justice requires, regardless of whether or not the power to do so is expressly reserved in the decree and whether or not an agreement providing for alimony entered into by the parties is incorporated in the divorce decree; and that hence the agreement was valid and enforceable as between the parties. In support of his argument the petitioner cites Illinois Revised Statutes, ch. 40, sec. 19; *Pope* v. *Pope*, 65 N. E. (2d) 593; 328 Ill. App. 1; *Jacobs* v. *Jacobs*, 65 N. E. (2d) 588; 328 Ill. App. 133; *Cahill* v. *Cahill*, 45 N. E. (2d) 69; 316 Ill. App. 324; *Kaiser* v. *Kaiser*, 34 N. E. (2d) 127; 310 Ill. App. 390; *Adler* v. *Adler*, 26 N. E. (2d) 504; 373 Ill. 361; *Igney* v. *Igney*, 25 N. E. (2d) 608; 303 Ill. App. 563; *De La Cour* v. *De La Cour*, 2 N. E. (2d) 896; 363 Ill. App. 545.

The petitioner relies in particular upon *Cahill* v. *Cahill*, *supra*. In that case the parties involved entered into an agreement in 1935 which was incorporated as part of the decree. In 1938 the parties, without the approval of the court, entered into an agreement under which the husband was relieved from the payment of $100 monthly premiums on insurance policies which he had assigned to the wife under the provisions of the decree. In 1941 the husband, having failed to pay $200 a month, the wife made application to the court, at which time the husband made answer and petitioned the court for a reduction of alimony payments from $200 to $150 a month because of changed circumstances. The wife contended, among other things, that

in the 1938 agreement the husband had promised to continue to pay her $200 a month as long as he lived. The husband did not deny that he had made such agreement. The court sustained the husband and reduced the alimony payments. In its opinion the court took occasion to make certain observations from which the present petitioners can derive scant comfort. The court stated, in part:

> The court is not controlled by the private agreement of the parties respecting alimony and may adopt it or reject it, as seems consistent and proper from the situation of the parties as disclosed by the evidence. \* \* \*
> Thus the agreement between the parties of October, 1938, entered into without the approval of the court, is not the law of the case as of the date of said agreement and is not conclusive and binding upon the court or the defendant as plaintiff claims. This does not mean that the agreement is not entitled to any consideration. It is merely one of the elements that should be considered with all the other facts and circumstances in determining whether there was such a change in the circumstances of the parties, between the date of the entry of the decree and the time of the hearing on defendant's petition for reduction, as to warrant the modification requested by him. \* \* \* [Italics supplied.]

In the *Cahill* case, as in all the cases cited by petitioner, the decree made provision for alimony either by incorporating the agreement of the parties or otherwise. When the agreement covering alimony is incorporated in the decree, the agreement becomes merged in the decree. *Adler* v. *Adler, supra; Miller* v. *Miller,* 46 N. E. (2d) 102; 317 Ill. App. 447. "After the decree is rendered, the rights of the parties rest upon the decree and not upon their agreement," *Jacobs* v. *Jacobs, supra; Maginnis* v. *Maginnis,* 153 N. E. 654; 323 Ill. 113.

Herein the decree made no provision for alimony. Furthermore, service upon petitioner was obtained by publication and he made no appearance. Under such circumstances the court is without power, after the entry of the decree of divorce, to make any allowance for alimony whatsoever. *Kelley* v. *Kelley,* 147 N. E. 659; 317 Ill. 104; *Wilson* v. *Smart,* 155 N. E. 288; 324 Ill. 276; *Smith* v. *Johnson,* 151 N. E. 550; 321 Ill. 134; *Keene* v. *Keene,* 241 Ill. App. 414; *Wain* v. *Barnay,* 219 Ill. App. 401. Cf. *Farris* v. *Kiriazis,* 67 N. E. (2d) 701; 329 Ill. App. 225; *Mowrey* v. *Mowrey,* 65 N. E. 234; 328 Ill. App. 92. Hence, it appears the former wife was without right in 1939 to make application to the divorce court or otherwise compel petitioner to accede to her request for increased payments of alimony.

In *Smith* v. *Johnson, supra,* it is stated as follows:

> Divorce destroys the marriage relation. The obligation to support the wife ceases with the severance of the marriage relation, except in so far as the court is authorized by statute to retain jurisdiction for the purpose of providing alimony for her. As we have seen, there being no order for alimony in this case, the statute does not confer upon the court power to retain jurisdiction of the persons and subject-matter for the purpose of later providing for alimony for the wife.

In Committee on Ways and Means Report No. 2333, 77th Cong., 2d sess., p. 72, it is stated in reference to section 22 (k) as follows:

> This section applies only where the legal obligation being discharged arises out of the family or marital relationship in recognition of the general obligation to support, which is made specific by the instrument or decree.

The same statement appears in Committee on Finance Report No. 1631, 77th Cong., 2d sess., p. 84. Since the entry of the decree in 1935 destroyed the marital relationship, the divorced wife had no claim for support in 1939 against petitioner because of any marital relationship except under the original agreement. The additional payments were made, not in discharge of a legal obligation arising out of a marital relationship, but upon the request of one who had at the time no legal right or claim thereto. Petitioner's compliance with the request was gratuitous and without compulsion of any legal obligation arising out of a marital relationship.

Furthermore, we are of the opinion that the informal correspondence does not constitute a "written instrument" as that term is ordinarily understood. *Ingraham* v. *Strong*, 41 Ill. App. 46, and *Western Metals Co.* v. *Hartman Co.*, 303 Ill. 479; 135 N. E. 744, cited by petitioner, are not applicable. Such cases merely hold that the correspondence involved therein satisfied the provision of the statute of frauds requiring some note or written memorandum of the transaction to take it without the statute.

Considerable argument on brief was directed to the question of whether or not the 1939 agreement was "incident to such divorce" within the meaning of the statute. It was argued that the term "divorce" refers not to the decree entered by the court in 1935, but to a continuing status of divorce existing thereafter, and that an amended or substituted arrangement necessitated by changed circumstances four years later is just as much "incident to" the divorce as is the original agreement. This argument was made on the assumption that the substituted arrangement was otherwise within the statute. The word "such" in the phrase "written instrument incident to such divorce" directs reference to prior language used. On reading such prior language, it is clear to us that Congress referred to the decree of divorce and not to a continuing status. See *Charles L. Brown*, 7 T. C. 715, 716. The term "divorce" in ordinary parlance refers to an alteration or severance or dissolution of the marital relationship or tie by a court decree. *Atherton* v. *Atherton*, 181 U. S. 155; 25 C. J. S. 521, 522.

The burden is upon him claiming a deduction to show that it clearly falls within the statutory provision relied upon. This the petitioner has failed to do. It is our conclusion that the additional payments of $575 and $810 made by petitioner in 1942 and 1943 to his divorced

wife were not made in discharge of a legal obligation because of marital relationship imposed on or incurred by him "under a written instrument incident to [such] divorce." Petitioner is, therefore, not entitled to the deductions claimed.

*Decision will be entered for the respondent.*