Bernarr Macfadden v. Commissioner.
Macfadden v. Commissioner
Docket No. 13717.
United States Tax Court
1948 Tax Ct. Memo LEXIS 237; 7 T.C.M. (CCH) 147; T.C.M. (RIA) 48036; March 9, 1948
*237 F. O. McKenzie, Esq., 61 Broadway, New York, N. Y., for the petitioner. William A. Schmitt, Esq., for the respondent. HARLAN
Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined a deficiency in the petitioner's income tax for the year 1943 in the amount of $10,249.15. The taxable year 1942 is involved only by reason of the Current Tax Payment Act. We are presented with the question as to whether or not payments of $15,000 in each of the years 1942 and 1943 by petitioner to his wife pursuant to the terms of a separation agreement entered into on April 7, 1932, are deductible under the provisions of sections 22 (k) and 23 (u) of the Internal Revenue Code where no judicial decree of divorce or of separation had been obtained by the parties prior to such payments. Findings of Fact This case was heard on a stipulation of facts, which stipulation we adopt as our findings. Petitioner, during 1942 and 1943, was a resident of New York City and filed his income tax returns with the collector of internal revenue for the third New York district. Bernarr Macfadden and Mary Macfadden were married in 1913. On April 7, 1932 they *238 entered into a separation agreement when they were both residents of the State of New Jersey. Since such separation agreement they have lived separate and apart. By the terms of this agreement Mary Macfadden agreed to dismiss an action which she had instituted in New York, N. Y., against Bernarr Macfadden and the Macfadden Publications, Inc., and release both defendants from any further claims arising therefrom. Bernarr Macfadden agreed to create a trust with a corpus of 2,500 shares of the preferred stock of Macfadden Publications, Inc., with Mary Macfadden as beneficiary to the extent of $15,000 per year and in addition thereto to provide 7/10ths of the cost of the upkeep of a home for Mary Macfadden and her children. The support of the children had been provided for by other trust agreements entered into in September 1931. It was further provided in the agreement of separation that the payments from the trust to Mary Macfadden should be received by her "in lieu of all alimony or suit money" and that if in any year the income of the trust was insufficient to make the required payments, the settlor would make said payments out of his personal income. In May 1933, Mary Macfadden *239 brought suit in chancery in New Jersey against petitioner alleging that the payments stipulated by said trust agreement had not been made and that Bernarr Macfadden had failed to carry out his agreement to make said payments upon failure of the trust so to do. The complaint alleged that during the year involved the beneficiary had received but $5,923.40. She prayed that her husband be compelled by the court specifically to perform the agreement with her and pay the monies by said agreement due her with interest from the time they should have been paid. The final decree entered in June 1934 held that the complainant was entitled to the relief prayed for and that the agreement "be specifically performed and carried out by the said Bernarr Macfadden in accordance with its several terms up to the date of the decree." The court further ordered the defendant within fifteen days to pay the amount to the complainant which was due to her under the April 7, 1932 agreement, which amount was computed to be $13,500. During the years 1942 and 1943 the trustee received no income from the trust estate and petitioner paid $15,000 from his own funds during each of said years. He deducted these payments *240 from his taxable income in each of these years. In the notice of deficiency the Commissioner disallowed these deductions for the reason that they did not constitute deductions under the provisions of section 23 (u) of the Internal Revenue Code. Opinion The parties agree that by virtue of the provisions of section 23 (u), I.R.C., [1] the deduction from petitioner's income for tax purposes of the amounts paid by petitioner to his wife is not to be allowed unless the amount is includible in the wife's taxable income under section 22 (k), I.R.C. That section provides as follows: "(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or written instrument incident to such divorce or separation *241 shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *" The petitioner contends that under the law of New Jersey, Macfadden and his wife were legally separated under the agreement of April 7, 1932, and that the subsequent decree of the chancery court of June 1934, whereby Macfadden was ordered to make payments in compliance with the agreement, caused subsequent payments to be in "discharge of a legal obligation which, because of the marital or family relationship is imposed upon or incurred" by Macfadden under such decree. In Charles L. Brown, 7 T.C. 715, this Court had before it a case approximately on all fours with the one at bar except as to the state of residence of the parties and the judicial *242 enforcement of the separation agreement. In that case the Tax Court held: "The wife must be 'divorced or legally separated from her husband under a decree of divorce or separate maintenance'." The clear intention of Congress that such should be the requirement, could hardly be more clearly expressed. It is referred to at four separate places, to wit: (1) The wife must be "divorced or legally separated from her husband under a decree of divorce or separate maintenance"; (2) The payments must be received "subsequent to such decree"; (3) The payments must be in discharge of a legal obligation "incurred by such husband under such decree"; or (4) Under a written instrument "incident to such divorce or separation." Thus from the Code it would appear that Congress intended that nothing less than a divorce or separation under supervision of a court would be sufficient to make the payments from the husband to the wife taxable in the wife's income. Section 29.22 (k)-1 of Regulations 111 applies this section in the strict spirit in which it was evidently intended. It says: "The obligation of the husband must be imposed upon him or assumed by him (or made specific) under either of *243 the following: "(1) A court order or decree divorcing or legally separating the husband and wife, or "(2) A written instrument incident to such divorce or legal separation." Where the statute is so clear, the reports cf the Congressional Committees would not seem to be of help; but in the case at bar the report of the Ways and Means Committee [2] would seem to leave nothing to speculation. It says: "* * * This subsection ('22 (k)') applies only to a wife who is divorced or legally separated under a decree of divorce or of separate maintenance and to the husband from whom she is divorced or legally separated by such decree." In addition to the Brown case, supra, this Court has had section 22 (k) of the Code before it for interpretation a number of times. See Robert L. Daine, 9 T.C. 47, where the husband and wife, in 1944, procured a separation from bed and board and provided that said decree should be nunc pro tunc as of January 1, 1940. The Court held, however, that payments made in 1942 and 1943 under this attempted nunc pro tunc decree were not deductible from income by the husband.
In the recent case of Frederick S. Dauwalter, 9 T.C. 580, *244 the parties entered into a separation and property settlement agreement while a divorce proceeding was pending. The agreement was not made a part of the decree. Four years later, by mutual consent, the prior agreement was amended, increasing the husband's payments to his former wife. The Court, however, refused to permit him to deduct these payments from his taxable income as they were not made in discharge of a legal obligation incurred by the taxpayer pursuant to any written instrument incident to a divorce. See also George D. Wick, 7 T.C. 723, aff'd. 161 Fed. (2d) 732; Frank J. Kalchthaler, 7 T.C. 625. The decree of the New Jersey chancery court in the case at bar made no effort to adjudicate the reasonableness of the property settlement nor was it asked to do so by Mary Macfadden. She merely complained to the court that she and her husband had entered into an agreement whereby the husband was to pay her a certain amount of money which he had not paid. The court found that he had not paid it, that there was no justifiable reason for him not paying it, and ordered him to make sufficient payments to fulfill his obligation "up to the date of *245 this decree." There was no order as to any subsequent payments, there was no adjudication of the property rights of the parties, there was no divorce or legal separation provided for in the decree. The petitioner herein has cited us no authorities to support his contention that the proceeding in the New Jersey chancery court by which Bernarr Macfadden was ordered to make payments in compliance with his contract with his wife, was either a "decree of divorce or of separate maintenance," and we have found none. As to petitioner's contention that the law of New Jersey with reference to the legal status of voluntary separations making this case an exception to the general requirement that the separation must be as a result of a divorce or a decree for separate maintenance, we can only say that in our opinion it is not within the power of local courts or local legislatures to defeat the administration of Federal taxation provisions by any special law applicable to particular states. The Supreme Court of the United States in the recent case of Commissioner v. Tower, 327 U.S. 280, says: "* * * Michigan cannot by its decisions and laws governing questions over which it *246 has final say, also decide issues of federal tax law and thus hamper the effective enforcement of a valid federal tax levied against earned income. * * *" See also Helvering v. Clifford, 309 U.S. 331; Lucas v. Earl, 281 U.S. 111. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year.
2. 1942-2, C.B. p. 427.↩