DALE E. SHARP. PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24564. Promulgated August 29, 1950.

*John B. Leake, Esq.,* for the petitioner.
*Nicholas Tomasulo, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN, *Judge:* The respondent determined a deficiency of $479.39 in petitioner's income tax for the year 1944. The petitioner claims an overpayment of $65.01. Petitioner alleges error in respondent's failure to allow a deduction of $885.08 under section 23 (u) of the Internal Revenue Code, as alimony paid.

The case was submitted on stipulation of facts, which we adopt as our findings of fact. In the stipulation, the following facts appear:

Petitioner was married to Meryl D. Sharp prior to November 6, 1941. On November 6, 1941, after a trial held on the same day, peti-

tioner was granted an absolute divorce from Meryl D. Sharp by a district court of the State of Nevada.

At the trial and at the close of both petitioner's case and defendant's case, the Trial Court said:

IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore and now existing between Dale E. Sharp, plaintiff, and Meryl D. Sharp, defendant, be, and the same hereby is, dissolved, and each of said parties is restored to the status of a single person on the ground of extreme cruelty on the part of the defendant and on the further ground the defendant has been insane for a period of more than two years immediately preceding the filing of the complaint.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sole care, custody and control of the minor child of said parties, namely, Nancy Jane Sharp, be, and the same hereby is, awarded to plaintiff.

The testimony will be transcribed and filed.

After the trial, on the same day, a "Judgment and Decree" of final divorce was signed by the Trial Judge, wherein the following judgment was rendered:

ORDERED, ADJUDGED AND DECREED: That plaintiff, DALE E. SHARP, be and he hereby is granted an absolute divorce, and that the bonds of matrimony now and heretofore existing between plaintiff and defendant, Meryl D. Sharp, be and the same are hereby forever dissolved and each of the parties released from all of the obligations thereof, and restored to the status of an unmarried person.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That plaintiff be, and he hereby is, awarded the custody of the minor child of the parties, to wit, NANCY JANE SHARP.

On November 28, 1942, petitioner signed a document in the following form:

In consideration of hospital or institutional treatment rendered or to be rendered Meryl Sharp by the Rockland State Hospital, I hereby agree to pay to said Rockland State Hospital the sum of $80. each month in advance, subject to the conditions appended below.

| Witness: | Signed: |
|---|---|
| Alice O. Casey | Dale Sharp |
| Name | Name |
| 320 Fairmount Ave. | 140 Broadway |
| Address | Street or R. F. D. |
| Jersey City, N. J. | New York, N. Y. |
| | Place |

It is, however, understood and agreed that notwithstanding anything agreed to above, I shall have the privilege at any time to review with the Department of Mental Hygiene, the expenses to be borne by me in connection with the hospitalization of Meryl Sharp in case my income is reduced, my taxes increased, or the happening of any other event that will affect my ability to carry out the above agreement, and that this agreement shall be terminable by me at any time upon written notice to the State of New York—Department of Mental Hygiene.

During the calendar year 1944, petitioner paid the sum of $960 to Rockland State Hospital of New York for hospital or institutional treatment rendered or to be rendered by it to Meryl D. Sharp.

During the calendar year 1944, petitioner also paid the sum of $67.45 for clothing and other miscellaneous items for the use of Meryl D. Sharp.

The respondent disallowed deductions claimed by petitioner in the sum of $885.08.

On the above facts, petitioner now seeks deductions aggregating $1,027.45.

Section 23 (u), I. R. C., providing for the allowance of a deduction, reads as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

*     *     *     *     *     *     *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

*     *     *     *     *     *     *

Section 22 (k), I. R. C., provides:

SEC. 22. GROSS INCOME.

*     *     *     *     *     *     *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *

Albeit the Judge of the divorce court in Nevada, at the conclusion of the trial, made an oral statement that the bonds of matrimony were dissolved and indicated that the divorce was granted on the grounds of extreme cruelty and the insanity of the defendant, the official "Judgment and Decree" of the court contained no statement as to the grounds of the divorce thereby granted, made no allowance for alimony and no reference to any agreement for the settlement of property rights. More than a year later petitioner agreed, in writing, to pay to Rockland State Hospital in New York the sum of $80 per month "In consideration of hospital or institutional treatment." The unilateral agreement also provided for review of such agreement and that petitioner could terminate the payments "at any time upon written notice" to the State.

Petitioner concedes that the "Judgment and Decree" does not state the grounds of the divorce nor specify that petitioner was under an obligation to support and maintain his former wife. Petitioner also agrees that no such obligation was imposed on the husband by an "agreement incident to the divorce." He contends, nonetheless, that

the question is, "whether a legal obligation to support and maintain his divorced wife was imposed upon and incurred by petitioner under the divorce decree within the meaning of Section 22 (k)." He points to a Nevada statute providing that a decree granted on the ground of insanity existing for two years "shall not relieve the successful party from contributing to the support and maintenance of the defendant."

There are several reasons why petitioner cannot prevail. Deductions are a matter of legislative grace and he who seeks a deduction must prove that it comes within the governing statute. This, petitioner has not done. The official divorce "Judgment and Decree" made no mention of the grounds of divorce and made no reference to alimony, or anything in lieu thereof. On the entry of the decree, with no provision for alimony, the Nevada court lost jurisdiction. The revocable agreement entered into more than a year later was in no wise connected with or incident to the divorce decree. It related to a person resident in New York. In view of its provision for reducing the amount payable, and the absolute right of revocation, it created no binding obligation whatsoever. *Frederick S. Dauwalter and Mary Jane Dauwalter*, 9 T. C. 580. The payments made by petitioner pursuant to this agreement were not made because of the Nevada statute but were voluntary payments based on the stated consideration of care and maintenance to be furnished by the hospital. Section 22 (k) and section 23 (u) are reciprocal and interrelated. The combined effect is to prevent respondent from twice taxing the same income. Obviously the payments would not be taxable as income to the former wife under section 22 (k) and could not, therefore, be a base for a deduction by petitioner under section 23 (u). Without laboring the question further we hold that petitioner is not entitled to deduction of the amounts paid for hospital care of his former wife.

The same reasoning requires us to hold that the item of $67.45 for clothing furnished to the former wife was likewise not deductible under section 23 (u). Nor is the former wife one of the dependents listed in section 25 (b) (3).

Petitioner has not successfully carried his burden.

*Decision will be entered for the respondent.*