Madden, Judge,
delivered the opinion of the court:
The plaintiff sues to recover $3,973.90 of income tax paid by him for the year 1946, which tax he asserts he did not owe. He filed a timely claim for refund.
In July 1931, the plaintiff transferred 3,137 shares of various stocks to a trust company in trust to pay the income to Katherine Clark duPont, who was then the plaintiff’s wife, for her life, and upon her death to distribute the principal of the trust equally among their children. After this transaction the plaintiff and his wife separated. In October of the same year the plaintiff paid $300,000 to the same trust company, establishing a second trust, with the same beneficiaries as in the first trust, but with the provision that the $300,000 would be returned to the plaintiff if his wife did not obtain a decree of divorce from him in Nevada, where she was about to institute divorce proceedings.
On the second trust document the plaintiff’s wife executed an acknowledgment of the creation of the two trusts and of their adequacy to provide for her support and maintenance if she should obtain a divorce, and released the plaintiff and his estate from all claims for support and maintenance, or for any share in the plaintiff’s property. Also in October 1931, the plaintiff and his wife made an agreement in writing concerning the care, custody, support, maintenance and education of their three children.
On December 10, the plaintiff’s wife instituted her divorce suit in Nevada and on December 14 the Nevada court granted her an absolute divorce, and in the decree approved, ratified, and adopted the two trusts described above as fair, just and equitable settlements of property rights between the parties.
The income from the trusts proved disappointing to the plaintiff’s former wife, and a dispute arose between them. The wife, in 1934, instituted an action in the same Nevada court which had granted the divorce, alleging that the property settlement between the parties had been obtained through false representations on the plaintiff’s part, and re *608 questing that the agreement and release made by her in October 1931 be annulled and that the court’s decree be modified accordingly. She alleged that the plaintiff had promised her an income of at least $30,000 a year and had falsely represented that the two trusts would produce that much income, and that her agreement and release had been procured through fraud and duress. She asked that the court’s decree be modified to require the plaintiff to pay her $30,000 a year and that the trusts and agreements in connection with them be approved only to the extent that the income from the trusts should be a credit toward the $30,000 per annum which the court should award her.
The plaintiff demurred to his former wife’s complaint, asserting, among other things, that the court could not modify the decree because of a rule of court which provided that no judgment would be modified except upon motion made within six months after the judgment. The former wife’s attorneys argued that this rule did not apply in cases of fraud. The court held that the rule of court applied only when it was sought to modify a judgment by motion, and did not apply to a separate suit in equity to modify a judgment. The court held that it had jurisdiction and that the complaint stated a cause of action. It overruled the plaintiff’s demurrer and required him to answer the complaint on its merits. The plaintiff thereupon filed an answer.
Before the trial of the case, the parties entered into an agreement of compromise dated June 12, 1936, in which agreement the plaintiff’s former wife agreed to dismiss her suit, and the plaintiff agreed, in effect, to provide her' with an annual income of $25,000 a year if the income from the two trusts did not amount to that sum; that is, he would pay the deficit out of his own money. He further agreed to reimburse her for the Federal income taxes which she might be required to pay upon the income which she would receive under the trusts and the agreement. The agreement was embodied in a long detailed document.
On June 13, 1936, the attorneys for the parties filed a stipulation in the Nevada court stating that the matters in litigation had been amicably settled, and asking the court to discontinue the suit. The court entered an order which *609 said merely that, it having been stipulated that the matters in controversy had been settled, the action was discontinued.
In the year 1946, the income from the trusts having fallen below $25,000, the plaintiff paid the deficit of $7,667.27 to his former wife. He sought, by a claim for a refund, to deduct the $7,667.27 from his 1946 income, in computing that income for Federal income tax purposes and thus reduce his tax by $3,973.90. The Government has not allowed his claim for a refund, and he sues for the $3,973.90.
Section 22 (k) of the Internal Revenue Code, inserted in the Code by the Revenue Act of 1942, c. 619, 56 Stat. 798, sec. 120 (a), makes a divorced wife taxable upon periodic payments received by her in discharge of a legal obligation, which, because of the marital or family relationship, is imposed upon or incurred by her husband under the decree of divorce or under a written instrument incident to such divorce.
Section 23 (u) of the Code permits a husband to deduct from his gross income the amounts which, under section 22 (k), supra, are taxable to the wife. ■
The plaintiff’s claim is that the $7,667.27 which he paid to his divorced wife in 1946 was taxable to her under section 22 (k) and was, therefore, deductible by him under section 23 (u). He says that the payment was made in discharge of a legal obligation which, because of his marital relationship, was imposed upon or incurred by him under an instrument incident to his divorce. The Government says that, after his divorce, there was no marital relationship and hence his agreement, made several years after the divorce decree, to pay money out of his own funds to make up the difference between the income of the two trusts and $25,000 was not connected with the marital relationship or incident to the divorce.
The two trusts and the terms of the wife’s acknowledgment and release, summarized above, were clearly connected with the marital relationship, which still existed when they were made, and were incident to the divorce, having been approved and ratified in the decree. When the former wife, by her suit in equity in 1934 sought to have the decree modified in that regard, to make it, in effect, embody what the *610 agreements would have been but for the plaintiff’s false representations, fraud and duress, she was still insisting upon her agreement with the plaintiff, but seeking to have it reformed to conform to what her understanding of the agreement had been. The court held that her complaint stated a cause of action, and required the plaintiff to defend the suit on the merits. If the case had gone to trial and the court had reformed the agreement, as requested, or in some other way, and had modified its divorce decree, accordingly, payments by the plaintiff under the reformed agreement and modified decree would, without question, have been payments made under a written instrument incident to the decree of divorce.
The Nevada court did not, in terms, modify its divorce decree. It discontinued the former wife’s suit because it was represented to it, correctly, that the parties had compromised their dispute. We think that the written .agreer ment made by. the plaintiff to foreclose the possibility that the divorce court would modify its divorce decree arid make it more rigorous, as against the plaintiff, than was the compromise agreement, was a written agreement incident to the divorce decree. In this view of the case it is not necessary to decide the question which we also' left open in the case of Mahana v. United States, 115 C. Cls. 716. That question is whether the statutory language, “a written instrument incident to such divorce,” should be construed to mean “incident to the divorce decree” or to mean only “incident to the fact of the divorce.” In Commissioner v. Walsh, 183 F. (2d) 803, the Court of Appeals for the District of Columbia gave it the former construction, as did the Tax Court in Dauwulter v. Commissioner, 9 T. C. 580. In Smith v. Commissioner, 192 F. (2d) 841, the Court of Appeals for the First Circuit, and in Commissioner v. Murray, 174 F. (2d) 816, the Court, of Appeals for the Second Circuit expressed doubt as. to the. correctness of such a construction of the language of the statute.
The plaintiff may have a judgment for $3,973.90 with interest as provided by law. It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.