BENJAMIN B. COX, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 15517.   Promulgated May 26, 1948.

*John A. McCann, Esq.*, for the petitioner.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge*: The single problem here is whether the petitioner's agreement on June 29, 1944, more than seven months after his divorce from his wife, was "incident" to such divorce, within the intendment of section 22 (k) of the Internal Revenue Code.[1]  If so, the amounts paid by him to his wife in the taxable year were taxable to her, and deductible by him under section 23 (u) of the code.

In a broad sense, the contract here can be seen as incidental to the divorce earlier secured by the petitioner, in that the written contract refers to the divorce and provides that the former wife agreed that so long as the contract was performed by the petitioner, she

---

[1] SEC. 22. GROSS INCOME.

\*      \*      \*      \*      \*      \*      \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \*    \*    \*

would not contest or attack the divorce which he had secured. Yet in a different sense it is easily seen that the agreement is not incident to the divorce, which had preceded it by more than seven months. Petitioner had waited for no such agreement, but had proceeded to divorce his wife without arriving at a settlement of property rights or marital obligations, and the decree made no provision in that respect.

It seems obvious that the statute is intended, in the ordinary situation at least, to provide that the husband's marital obligation to support his wife may be continued either by divorce decree or a contract taking its place in that regard; and that in the ordinary sense therefore "incident to" the divorce would involve an agreement prior thereto or coincident therewith. Can a husband, freed by divorce decree from such obligation, nevertheless later reassume such obligation and shift the taxation of income thereon to the former wife receiving it? Recently, in the case of *Robert Wood Johnson*, 10 T. C. 647, we held that payments made under a written agreement executed prior to divorce but making no reference to it, the divorce however being agreed to orally by the wife and obtained by her, were under a contract incident to divorce. Here the petitioner can rely on no oral agreement prior to divorce, for he argues only that, prior to the divorce, there had been correspondence between his attorney and one representing his wife, resulting in no written agreement. Our question here is whether the divorce had as an incident the agreement of June 29, 1944.

In *Estate of Josephine S. Barnard*, 9 T. C. 61, we considered whether the gift tax, under section 1002 of the code, applied to $50,000 paid by a wife to a husband after a divorce and pursuant to an oral agreement prior to divorce and dependent thereon, but contemporaneous with a written settlement agreement. The petitioner contended that the $50,000 payment "was part and parcel of the entire separation agreement," but we pointed out that the written separation agreement made no reference to it and the divorce decree referred only to the written agreement as settling property rights, and we concluded the $50,000 payment was something over and above what the divorce court declared to be fair consideration, and therefore that consideration for the payment was not shown. The case is of course one of gift tax, but it does indicate the distinction between the essentials of a divorce settlement and something additional thereto, and offers logical reason for distinguishing here between a contract more than seven months after the divorce and one incidental thereto in the sense that it is contemporaneous and worked out with the divorce and considered by the divorce court.

In *Frederick S. Dauwalter*, 9 T. C. 580, sections 22 (k) and 23 (u) of the Internal Revenue Code were involved. Husband and wife in

August 1935 entered into a written settlement, providing for monthly payments to the wife. They were divorced in September 1935. The decree provided no settlement or alimony and approved no settlement or agreement. At the time of the divorce the parties had an understanding that if the wife's future necessities required additional payments and if his finances would permit, he would entertain a request for additional payments. In 1939 the former wife, by letter so requested, and by letter he acceded and pursuant thereto made the additional payments, which were disallowed by the Commissioner as deductions from his income. He contended, as here, that the agreement in 1939 was incident to the divorce, made pursuant to oral promise at the time of the original written agreement, and to settle a request and claim which, had it not been voluntarily agreed to, would reasonably have resulted in application to the divorce court for relief, which the court could have granted and could have modified the alimony allowance. We said that (as here) the decree provided no alimony, and could not later do so, and that the additional payments were not in discharge of a legal obligation arising out of marital relationship or under a written instrument incident to divorce under section 22 (k), but were gratuitous; that "incident" in section 22 (k) refers to the decree of divorce; and that deduction was not allowable. Though there we said the divorce court could not grant additional alimony, and the petitioner here urges that the agreement in June 1944 was to prevent attack upon validity of the divorce decree, which of course upon proper grounds could be set aside, nevertheless, in our view the cited case is authority applicable here. It indicates that an oral agreement at the time of divorce will not make the later written agreement incident to the divorce. Here the petitioner failed to get agreement prior to divorce, as on brief he agrees; therefore, the later writing must stand alone. It indicates too that the written agreement must be incident to the divorce decree itself. Such connection is not seen by us here. It must depend upon the fact that the later written agreement provided against attack upon the divorce. We think the connection is not sufficient in any real sense to satisfy the statute. The divorce decree had as no incident the later agreement. It was procured without agreement, contrary apparently to the wife's wishes. At least any agreement at that time was contrary to her wishes, since none was obtained with her, the petitioner testifying, with respect to discussion before the decree of divorce and financial arrangements, "She's a hard woman to deal with."

On its face the decree terminated the petitioner's liability for her support, no provision in that respect being made. If validly thus divorced, the petitioner was thereafter free to retain his income. If he was not divorced, the payments later made were under his marital obligation, entitling him to no deduction. We, therefore, find it un-

necessary to decide whether the divorce was valid or not, for in either event the result here is the same in our view. The legal obligation under which the money was paid is not, within the language of the committee reports in both House and Senate, quoted in the *Dauwalter* case, one which "arises out of the family or marital relationship *in recognition* of the general obligation to support * * *." (Italics ours.) See *Charles L. Brown*, 7 T. C. 715. The petitioner recognized no obligation to support, for he was divorced without continuation of that duty by the decree. The written obligation at most arose because he wished to sustain his divorced status. We hold that it is not incident to the divorce. The deduction was properly disallowed.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

MURDOCK, *J.*, dissenting: The petitioner had been sending money to his wife for her support and the support of his three minor children up to the time of his questionable Florida divorce. He had also been discussing divorce and financial arrangements with her through attorneys, but no written agreement settling such questions as property rights, alimony, and the custody of the children had been entered into. The Florida divorce did not settle those matters or relieve him of the legal obligation to support his wife and children, which was imposed upon him because of his marital and family relationship to them. The agreement here in question was entered into about seven months after the Florida divorce. The petitioner did not thereby resume any obligation of which he had been previously relieved. The majority opinion is unjustifiably narrow in holding that the written instrument was not incident to the divorce. One of the definitions of "incident" is belonging subsidiarily, or characteristically depending upon, or connected with another thing as its principal. The time element is not determinative of the meaning of the words "incident to" where, as here, the agreement was directly related to the divorce. The petitioner obtained the Florida divorce, had apparently obtained it to marry another woman, and had married another woman, all without making any permanent provision for the support and maintenance of his first wife and their children. Obviously, his efforts to divorce his first wife were not complete until he had made an agreement for the support and maintenance of his first wife and the three children. The periodic payments required by that instrument were "in discharge of, a legal obligation which, because of the marital or family relationship is imposed upon" the petitioner under that instrument. These facts bring this case within the words and intended purpose of this statute and entitle the petitioner to the deduction claimed.

JOHNSON, *J.*, agrees with this dissent.

Kern, *J.*, dissenting: Petitioner went to Florida on May 2, 1943. At that time he had a wife and three children living in New Jersey. At some undisclosed time between May 2 and October 25, he filed a divorce action in a Florida court. Whether it was filed 90 days after he entered Florida is not shown. There was no personal service of process upon his wife and she entered no appearance in the action. We may assume that service was made by publication pursuant to the chancery rules of the Florida courts, which require as a prerequisite to such service that the plaintiff execute an affidavit giving the last known place of residence of the defendant. We have no evidence as to any affidavit executed by petitioner. The divorce decree of October 25, 1943, which made no reference to any alimony or support, indicates that no testimony was given before the judge entering that decree. Shortly thereafter petitioner married another woman in New York.

In June 1944 petitioner and his first wife entered into the written contract described in the majority opinion. That contract indicates unmistakably that, at the time it was executed, both parties thereto considered that petitioner had a legal obligation to his first wife because of the marital relationship. It also indicates that the first wife did not recognize, or acknowledge, the validity of the divorce decree of the Florida court, and further indicates that one of petitioner's purposes in entering into the agreement was to protect the validity of the divorce decree by preventing any attack being made thereon.

Under the circumstances shown, I am unable to agree that the written contract of June 1944 was not in discharge of a legal obligation because of the marital relationship. Nor am I able to agree that this contract, which was executed by petitioner for the purpose, *inter alia*, of preventing an attack upon the validity of the Florida divorce decree, was not incident to such decree.

Johnson, *J.*, agrees with this dissent.