Frank J. DuBane, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 13448.    Promulgated May 28, 1948.

*E. C. Pommerening, Esq.*, for the petitioner.
*Maurice S. Bush, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: Section 23 (u) provides that amounts includible in the income of a divorced wife under section 22 (k) may be deducted by the husband. The pertinent part of section 22 (k) defining the income of the wife is as follows:

In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband.

The following is from Regulations 111, section 29.22 (k)–1:

Section 22 (k) applies only where the legal obligation being discharged arises out of the family or marital relationship in recognition of the general obligation to support, which is made specific by the instrument or decree.

Both the petitioner and Clara testified in this case without equivocation that they had agreed orally before the divorce that Clara was to have $20 per week and the Eagle property, no more and no less. Although their written agreements of January 8 and February 18, 1935, are a rather odd and complicated way of effectuating such a simple oral agreement, nevertheless, they do bring about that same result. If the oral agreement had been put in writing, shown to the judge in the divorce proceeding, and directly carried out, there would be no doubt that the $20 payments would later have become taxable, under the new provisions of sections 23 (u) and 22 (k), to the wife and not to the petitioner. But they did not do that. The petitioner also had a desire to make himself execution proof, the wife was willing to cooperate, and, apparently, an attorney provided the documentary complications intended to accomplish both purposes at one time, i. e., to

transfer the Eagle property to Clara and give her $20 per week and to protect the petitioner's remaining property from execution. Provisions were included in the written agreements inconsistent with the forthright oral agreement. All three properties were transferred to the wife and for the stated purpose of a property settlement in consideration of her release of alimony. The judge, in granting the divorce, did not know more than that. He did not know that she was to retransfer two of them immediately to the petitioner's nominee or that Clara was then to receive $20 per week. No obligation to pay Clara $20 per week was imposed upon the petitioner under the decree of divorce.

The next question is whether a legal obligation arising out of the marital relationship was made specific in and imposed by a written instrument incident to the divorce. That, we think was a condition intended by Congress upon which it allowed the husband the deduction. The obligation to pay the $20 was imposed in writing only by the agreement of February 18, 1935. The Commissioner argues that that agreement was not "incident to such divorce" because it was entered into after the divorce had been granted. He would be right had there been no prior agreement (cf. *Benjamin B. Cox*, 10 T. C. 955), but there was a prior oral agreement that Clara was to have only the Eagle property and was to receive $20 per week. It can not properly be said, under such circumstances, that the agreement of February 18 which gave her the $20 per week was not incident to the divorce, i. e., dependent upon the divorce. But did the written agreement make specific and impose the obligation as one arising out of the marital relationship? No. It imposed it as an obligation to pay a purchase price for real property theretofore in the name of the wife under a deed executed pursuant to the written agreement of January 8, inspected, approved, and relied upon by the judge in the divorce proceeding. The petitioner seeks relief, a deduction, under a special statutory provision whereby he would not have to pay tax on some income earned by him. He must bring himself squarely within that provision to succeed. He has not done that. Although this may be rather narrow and technical, nevertheless, the letter of the law has not been met and provisions granting deductions are not to be liberally construed in favor of taxpayers. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686. The result might be different had Congress chosen to recognize oral agreements or had the petitioner put his oral agreement in writing in a forthright manner. He has only his own cupidity and the methods of his lawyer which he adopted, to blame.

*Decision will be entered for the respondent.*