GEORGE T. BRADY AND RUTH L. BRADY, PETITIONERS, v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14176. Promulgated June 28, 1948.

*Wilbur Langdon Powers, Esq.*, for the petitioners.
*Leo C. Duersten, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The sole issue before us is whether or not the agreement of October 30, 1937, providing for the payment of $200 per month to the petitioner's divorced wife was executed incident to divorce, pursuant to the provisions of section 22 (k), Internal Revenue Code.[1] The authority for allowing the deductions claimed is found

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced· or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or portion of the payment, as a sum which is payable for the support of minor children of such husband. \* \* \*

in section 23 (u) of the code.[2]

The petitioner contends that the agreement was made in connection with and incident to a contemplated divorce. The respondent argues that the agreement shows that the intent and purpose of the petitioner and his former wife were to create "an unconditional mutual exchange of various marital rights and interests"; that the agreement was neither conditioned nor contingent upon a decree of divorce; that the obtaining of such decree was not contemplated by the parties; and that hence the agreement was not incident to the divorce.

We have considered the construction and application of section 22 (k) recently in *Robert Wood Johnson*, 10 T. C. 647. See also *Tuckie G. Hesse*, 7 T. C. 700. The facts in the *Johnson* case are strikingly similar to those in the case at bar. In 1926 Johnson and his wife separated. At that time he asked her to obtain a divorce and offered to pay her a specified sum for the support and maintenance of herself and of their minor son. She refused. He made further efforts in 1927 and 1928. In the latter year he offered a larger sum on the basis of which negotiations were concluded in 1929. In 1929 he obligated himself in writing to pay $30,000 annually to his wife for the support of herself and their minor son and also established a trust fund to supplement that payment by the calculated revenue of $20,000 per year. The terms were established on the wife's verbal assurance that she would procure a divorce. She did so and, pursuant to his agreement, Johnson paid to her $30,000 in each of the years 1942 and 1943.

In the *Johnson* case, from the moment of separation in 1926 the petitioner sought a divorce. So in this case the evidence shows that the petitioner desired a divorce for at least five years prior to October 1937, long before the alleged cause of action arose. The petitioner's statements, together with the testimony of his former wife's attorney, show clearly that a divorce proceeding was contemplated at the time of executing the agreement of October 30, 1937. There is no conflict of evidence on this point, as in the *Johnson* case. In fact, the petitioner refused emphatically to sign the agreement unless the divorce were started. He relied on the statement of his wife's attorney that such action would be taken.

The respondent bases his argument chiefly on the fact that there was no direct reference in the court decree to the agreement, nor did

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. \* \* \* \*

the agreement specifically require the procurement of a divorce. The same situation existed in the *Johnson* case. There we said:

> It is true the written instrument did not mention that it was conditioned upon Elizabeth's bringing an action for divorce. However, both Elizabeth's and petitioner's attorneys believed that if the agreement had been so conditioned it would have been voidable and also would have constituted collusion for divorce under New Jersey law. * * *

So here, the charge of collusion was to be avoided. The prohibition against collusion, as set forth in 17 Am. Jur. ¶14, is as follows:

> The rule is well established that any agreement, whether between husband and wife or between either and a third person, intended to facilitate or promote the procurement of a divorce, is contrary to public policy and void.

The rule must be borne in mind when we consider the relationship between agreements and divorce proceedings.

Situations arising under the provisions of section 22 (k) bid fair to be many and varied. They must be viewed and treated realistically. The section was enacted in order to tax alimony and other similar payments to the divorced wife. We have no doubt that the contractual payments were in the nature of alimony, were duly made by the petitioner, and are properly taxable to Hazel B. Brady.

The delay in filing the libel action in Massachusetts has been adequately explained by the attorney for the petitioner's former wife. The forum was shifted from New York to Massachusetts for undisclosed reasons. However, the divorce itself is the vital factor in our problem, not the jurisdiction in which prior actions may have been begun. The pendency of the New York suit was so unimportant that Hazel's attorney did not know that it had been dismissed. In fact, his own records showed otherwise.

The conduct and statements of the petitioner and counsel for Hazel, the sequence of events, and the significance of the terms of the agreement itself, all lead us to the conclusion that the agreement was executed incident to the divorce granted by the Probate Court of Essex County, Massachusetts, and hence, the payments made thereunder by the petitioner to his former wife are deductible under the provisions of section 23 (u).

The facts in *Bejamin B. Cox*, 10 T. C. 955; *Frederick S. Dauwalter*, 9 T. C. 580; and *Robert L. Daine*, 9 T. C. 47, are quite different from those in the case at bar. Therefore, those cases are distinguishable and our decisions therein are not applicable here.

*Decision will be entered under Rule 50.*