MIRIAM COOPER WALSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16277.   Promulgated December 31, 1948.

*Carolyn E. Agger, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency in income and victory tax for 1943 in the amount of $5,051.10. He also determined that the petitioner owed an addition to the tax for 1942 in the amount of $580.38 and one for 1943 in the amount of $1,262.78 under section 291 (a) for failure to file an income tax return within the time prescribed by law. The issues for decision are whether payments which the petitioner received during 1942 and 1943 from her husband were income to her under section 22 (k) of the Internal Revenue Code, and, if so, whether the penalties for failure to file returns are due. The facts have been stipulated.

The petitioner is an individual. She filed no income tax returns for the years 1942 or 1943.

She was married to Raoul Walsh in 1916. They lived together in California until October 2, 1926. They adopted two children during that period. The petitioner and her husband separated on October 2, 1926, and thereafter never lived together again. They signed an agreement on February 21, 1927, at which time a divorce was contemplated. The husband agreed to make certain periodic payments to his wife.

An interlocutory decree of divorce was entered in California on June 10, 1927, and the decree became final on August 1, 1928. The agreement of February 21, 1927, was not mentioned in either decree.

The petitioner and her husband entered into another agreement on October 17, 1934, modifying the 1927 agreement by reducing the amount of the payments required.

Walsh was behind in his payments under the 1934 agreement in 1940 or 1941. His two adopted sons, at his instigation, brought suits against the petitioner about that time. Petitioner brought suit against Walsh for the past due payments. Efforts were made to settle these difficulties and they were settled by an agreement dated November 13, 1941. That agreement specifically rescinded the 1927 and 1934 agreements. The agreement of November 13, 1941, provided that Walsh should pay the petitioner $225 per week for 200 weeks and $200 per week thereafter until her death or remarriage, but in no event was he to pay more than one-half of his gross income for any particular year. Those payments were less than the payments required by the two earlier agreements. The 1941 agreement also contained a number

of other provisions relating to the petitioner, her former husband, and their two adopted children.

The petitioner received $9,675 in 1942 and $13,950 in 1943, representing irregular payments of $225 per week which Walsh paid her under the agreement of November 13, 1941. She did not file any returns of income for 1942 or 1943 because she was advised by her attorney that the payments received from her husband were not taxable to her and she had no other income to report.

Section 22 (k) provides:

In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *.

It was held in *Frederick S. Dauwalter*, 9 T. C. 580, and *Benjamin B. Cox*, 10 T. C. 955, 959, that the word "incident" in section 22 (k) refers to the decree of divorce and the written agreement in question must be incident to the divorce decree itself. Obviously, the agreement of November 13, 1941, was not incident to the decrees of divorce entered about fourteen years previously and, therefore, following the two cases cited, it is held that the payments in question were not taxable to the petitioner under section 22 (k).

*Decision will be entered for the petitioner.*