JESSIE L. FRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20354. Promulgated October 26, 1949.

*Thomas L. Zimmerman, Esq.*, for the petitioner.
*Jonas M. Smith, Esq.*, for the respondent.

OPINION.

Opper, *Judge*: We are confronted by a narrow phase of the alimony provisions (sections 22 (k), 23 (u)[1]) in what the parties insist is a case of first impression.   We prefer to view it rather as requiring the application of recognized principles to a set of facts varying somewhat in detail from those previously considered.

There seems little room for much dispute as to the evidentiary facts. Petitioner, who lived in New Jersey, and her husband, who had moved to New York, contemplated a Reno divorce.   A support agreement was signed on this assumption.   Petitioner first delayed and then refused to institute the proceedings.   After some further discussion, a New York divorce suit was commenced on the strength of confessions furnished by the husband.   This suit was prosecuted to a conclusion, the decree making no mention of the prior agreement.   On these facts, when the statute speaks of payments under "an agreement *incident* to such divorce," does it include the New York decree or only the abortive Nevada one which the parties originally had in mind?

It is clear, of course, that "divorce" in the statute means the decree and not a general status.   *Frederick S. Dauwalter*, 9 T. C. 580.   And an agreement made subsequent to one proceeding will not be viewed

---

[1] SEC. 22. * * *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *

SEC. 23. * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year.   If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

as incident to it, merely because made to avoid another. *Benjamin B. Cox*, 10 T. C. 955; affd. (C. A., 3d Cir.), 176 Fed. (2d) 266. But here the parties unquestionably proceeded with a divorce decree in mind. Wherever granted, a decree so obtained would thus be one to which the agreement was "incident." *Robert Wood Johnson*, 10 T. C. 647. And delay in obtaining the decree has been sufficiently explained to eliminate the objection that the interval between agreement and decree was so great as to preclude any connection between them. See *George T. Brady*, 10 T. C. 1192, 1198; cf. *Miriam Cooper Walsh*, 11 T. C. 1093.

In the *Brady* case, a New York divorce action was thought to be pending when the agreement was made. We said:

\* \* \* The forum was shifted from New York to Massachusetts for undisclosed reasons. However, the divorce itself is the vital factor in our problem, not the jurisdiction in which prior actions may have been begun. \* \* \*

We are not adequately informed as to petitioner's reasons for changing her mind about the Nevada divorce proceeding. But if one had been commenced and then abandoned in favor of a resort to the New York courts, the resulting decree would have been, as it was in *George T. Brady, supra,* and as it is here "the vital factor in our problem." Since we can not doubt that the agreement was reached in anticipation of a divorce and that one was ultimately prosecuted to decree, and since all other requirements of section 22 (k) are fulfilled, petitioner must be held liable for tax on the payments thereunder. See *Tuckie G. Hesse*, 7 T. C. 700; *Thomas E. Hogg*, 13 T. C. 361.

Reviewed by the Court.

*Decision will be entered for the respondent.*