Emanuel Alboum v. Commissioner.
Alboum v. Commissioner
Docket No. 26308.
United States Tax Court
1951 Tax Ct. Memo LEXIS 282; 10 T.C.M. (CCH) 300; T.C.M. (RIA) 51088; March 27, 1951
*282 Petitioner was divorced in 1927 from his then wife, in which proceeding there was a stipulation that the wife was to receive no alimony. Held, petitioner is not entitled to deduct the aggregate of weekly payments made to his former wife pursuant to a contract entered into more than 18 years subsequent to the divorce, under the provisions of sections 22 (k) and 23 (u), I.R.C.
David S. Molod, Esq., 541 Land Title Bldg., Philadelphia, Pa., for the petitioner. William D. Harris, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent disallowed a deduction claimed by petitioner for the year 1946 and determined a deficiency of $1,756.16 in petitioner's income tax. The deduction had been claimed as payments of alimony to petitioner's divorced wife. The facts, which were all stipulated, are as follows: The petitioner, Emanuel Alboum, is an individual residing at 2601 Parkway, Philadelphia, Pennsylvania. The petitioner filed his Federal income tax return for the taxable year 1946 with the collector of internal revenue for the first district of Pennsylvania at Philadelphia, Pennsylvania. The petitioner and his *283 former wife, Minnie Alboum, were married on October 26, 1909. Minnie Alboum instituted divorce proceedings against petitioner in New York, New York, and an interlocutory decree was entered by the Court on November 22, 1926, and final decree of absolute divorce was entered by the Court on March 2, 1927. In the divorce proceedings, petitioner was duly served with summons and verified complaint, and petitioner appeared in such divorce proceedings by his attorney. In the divorce proceedings petitioner and Minnie Alboum entered into a stipulation which contained, among other matters "* * * plaintiff is to receive no alimony * * *", and "* * * plaintiff may have such other and further relief as may be proper * * *." Such stipulation was received by the Court and made part of the proceedings in which Minnie Alboum obtained her absolute divorce from petitioner. On November 1, 1945, petitioner and Minnie Alboum entered into a written agreement, which agreement provided for the payment by petitioner to his former wife of $500 to clear up all her debts, and payments of $60 each week so long as Minnie Alboum should live and remain unmarried. Pursuant to the written agreement, petitioner *284 made payments of $60 a week to Minnie Alboum during the taxable year 1946 amounting in the aggregate to $3,120. Petitioner, in his Federal income tax return for the taxable year 1946, deducted the amount of $3,120 as alimony, which claimed deduction the respondent has determined to be not allowable. Petitioner contends that the weekly payments, aggregating $3,120 in the year 1946, made pursuant to the contract entered into more than 18 years after his divorce, are deductible by him within the provisions of sections 22 (k) and 23 (u), I.R.C. He concedes on brief that the decision of this Court in Benjamin B. Cox, 10 T.C. 955, and the opinion of the Circuit Court of Appeals affirming our decision, 176 Fed. (2d) 226, are adverse to his present contention. Petitioner suggests that we modify our ruling in the cited case so as to permit the allowance of the deduction claimed by him. The taxpayer has advanced no valid or persuasive reason to support his contention. We adhere to the interpretations and rulings heretofore made. See also Frederick S. Dauwalter, 9 T.C. 580, appeal dismissed CA-2, February 2, 1948. We fail to find *285 any support for petitioner in the holding of the Court in Commissioner v. Murray, 174 Fed. (2d) 816. Accordingly, we affirm the respondent. Decision will be entered for the respondent.