DOROTHY BRIGGS SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26612.   Promulgated March 28, 1951.

*Walter F. Gibbons, Esq.*, for the petitioner.
*Joseph Landis, Esq.*, for the respondent.
*Robert F. Pickard, Esq., amicus curiae.*

OPINION.

Harron, *Judge:* The issue in this proceeding is whether the payment of $5,000 made to petitioner during 1948 by her divorced husband

was made under a written agreement incident to the divorce. If the agreement was incident to the divorce, as respondent contends, the payment is properly includible in petitioner's gross income under section 22 (k) of the Internal Revenue Code.

After petitioner had filed suit for divorce from Norman B. Smith but before a final decree had been entered, petitioner and Norman B. Smith entered into an agreement on October 14, 1937, which provided, *inter alia*, for the settlement of property rights between the parties, custody of their children, and the payment of $1,000 per month to petitioner for her support and for the support of the children.

The Superior Court made this agreement part of the final decree of divorce which was entered on April 18, 1938. Subsequently, on February 7, 1944, Norman B. Smith filed a motion with the Superior Court in which he requested that the decree be modified by reducing the amount of the alimony and allowances required to be paid by him to a sum consistent with his ability to pay. Before any decision was made on this motion, petitioner and Norman B. Smith entered into an agreement which provided for a final settlement of the property rights between the parties, an allowance for the support of their minor child, and the payment of $5,000 per year to petitioner in lieu of all marital obligations of Norman B. Smith including the obligation to make the payments required under the 1937 agreement. Thereafter, the Superior Court recognized the existence of this agreement: and, disposing of the motion of Norman B. Smith, the court modified its decree of April 18, 1938, and ordered that the provisions for the payment of alimony to petitioner be terminated because petitioner had waived her further right to alimony in consideration of the execution by Norman B. Smith of the agreement of September 1, 1944.

We are concerned with the payment of $5,000 received by petitioner under the provisions of the 1944 agreement. Petitioner admits that the 1937 agreement, which was incorporated in the final decree of the Superior Court, was a written instrument incident to the divorce. She contends, however, that the payment in question was made pursuant to a new agreement which was not incident to the divorce and that the payment was not in discharge of a legal obligation which, because of the marital relationship, had been imposed upon or incurred by Norman B. Smith under the divorce decree or under a written instrument incident to such divorce. See section 22 (k). We do not agree.

The payment in question was made under the provisions of the 1944 agreement. But that agreement cannot be considered *in vacuo*. The circumstances surrounding its execution must be examined, and the reasons for its adoption scrutinized. From such a study we have concluded that the 1944 agreement was a revision of the 1937 agreement, which admittedly was incident to the divorce, and that it was incident to the final decree of divorce.

The 1937 agreement was not a final settlement of the marital obligations and property rights between the parties. That agreement provided that $12,000 per year should be paid to petitioner for her support and for the support of the children. It left open the final decision as to the support to which petitioner would be entitled until such time as the younger child no longer was a dependent. In lieu of the $12,000 which the 1937 agreement provided should be paid to petitioner for her support and for the support of the children, the 1944 agreement provided that petitioner should be paid $5,000 a year for her support and that a separate allowance should be paid by Norman B. Smith for the support of the younger child who was still a minor. The revision of the original agreement resulted from the motion brought by Norman B. Smith to reduce the payments required of him because of his changed circumstances and was recognized by the Superior Court as disposing of the issue raised by the motion. The legal obligation imposed on Norman B. Smith by the 1937 agreement which was incident to the divorce to make support payments to petitioner was not terminated by the 1944 agreement. The 1937 agreement provided that the support payment to which petitioner was entitled in her own right was not to be settled until a later date, and the 1944 agreement had as one of its purposes the final settlement of that issue. Another purpose of the 1944 agreement was to settle the motion which had been brought by Norman B. Smith to reduce the payments required of him by the final divorce decree of the Superior Court. This decree had left open the decision as to the support payments to which petitioner would be entitled in her own right until a later date, and it had provided that the court would act on this issue only if the parties could not agree between themselves. The 1944 agreement was a settlement by the parties of the issue expressly left open by the divorce decree. As such, the revision of the payments required by the decree through the agreement of the parties is incident to the decree of divorce. *Mahana* v. *United States*, 88 Fed. Supp. 285, certiorari denied, 339 U. S. 978; cf. *Helen Scott Fairbanks*, 15 T. C. 62.

The cases relied upon by petitioner are all distinguishable on their facts. In *Frederick S. Dauwalter*, 9 T. C. 580, there was a *voluntary* promise by the husband, unsupported by any consideration, to increase rather than decrease support payments to his divorced wife. There were no further proceedings in the divorce court, and there was no recognition by that court of the later promise by the husband such as is present in this proceeding. In *Miriam C. Walsh*, 11 T. C. 1093, affd., 183 Fed. (2d) 803, the original agreement was not mentioned in the divorce decree and, unlike the 1937 agreement in this proceeding, was not enforceable under the court decree which did not provide for support payments to the wife. In addition, in that case provision for final settlement of the support payments to which the wife was to be

entitled was not left open by either the original agreement or the divorce decree for future settlement, and the subsequent agreement did not result from a motion brought in the divorce court by the husband to reduce the support payments required of him. And in *Benjamin B. Cox*, 10 T. C. 955, affd., 176 Fed. (2d) 226, there was never a legal obligation for support imposed by or incurred under a divorce decree, and there was no written instrument imposing such an obligation prior to the divorce. That case involved an obligation voluntarily assumed after it had been fully cut off. This proceeding, instead, is concerned with an agreement which modifies a continuing obligation which was imposed by a decree of divorce as well as being pursuant to a written instrument incident to such divorce.

It is held that the 1944 agreement, through its connection with the 1937 agreement and the decree of divorce, was incident to the final decree of divorce, and the payment made pursuant to its provisions is includible in petitioner's income under section 22 (k).

Reviewed by the Court.

*Decision will be entered for the respondent.*