Julia Nathan, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 29908.   Promulgated February 18, 1953.

*Edgar Bernhard, Esq.*, and *Donald J. Yellon, Esq.*, for the petitioner.

*D. H. Nelson, Esq.*, for the respondent.

## OPINION.

JOHNSON, *Judge:* Respondent in his deficiency notice held that the payments in question made to petitioner by her former husband by virtue of the agreement and divorce decree constituted taxable income to her under the provisions of section 22 (k) of the Internal Revenue Code. The pertinent part of section 22 (k) reads:

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in

the gross income of such wife. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * *

The only ground upon which petitioner seeks to prevent the imposition of section 22 (k) is that the payments were not made in discharge of a legal obligation "because of the marital or family relationship," but, as she alleges, such "payments were made as the purchase price of her ownership in the business."

Respondent's affirmative determination in his deficiency notice that the payments in question were made in discharge of a legal obligation "because of the marital or family relationship" imposes upon petitioner the burden of disproving same, which she has failed to do. On the contrary, the evidence we think sustains respondent's determination.

*Frank J. DuBane*, 10 T. C. 992, cited by petitioner is clearly distinguishable. There the written agreement was made after the divorce was granted and the decree contained no stipulation for the payments. Under the state of the record we held that the written agreement did not impose the obligation as one arising out of the marital relationship, but rather as an obligation to pay a purchase price for real property.

*Floyd H. Brown*, 16 T. C. 623, cited by respondent, sustains his contention in the instant case, as does *Thomas E. Hogg*, 13 T. C. 361. There, if any difference, the facts more strongly indicate than they do here that the payments, at least in part, were made in settlement of property rights, and yet in both cases we held the payments in question were made in discharge of a legal obligation "because of the marital or family relationship" and that section 22 (k) was applicable.

In the instant case, as in the *Brown* and *Hogg* cases, under the divorce settlement sums other than the periodic payments in question were made by the husband to his divorced wife. Here, in addition to the $7,000 annually ($583.33 monthly) which petitioner received as her 40 per cent of the $17,500 annual payments, she also was awarded property and other pecuniary benefits aggregating over $38,000, none of which is included in the taxable income here in controversy. Items comprising this amount are:

| | |
|---|---:|
| Home in California | $16,000 |
| Petitioner's transportation costs to California, estimated | 200 |
| Transportation cost of fur. and household effects to Cal., est | 250 |
| New automobile | 1,600 |
| 40% of $40,000 Life Insurance | 16,000 |
| Petitioner's attorney, Aaron Sapiro, fee | 2,000 |
| Fees of four other lawyers of petitioner, estimated | 2,000 |
| | $38,050 |

Here, unlike the *Brown* case, there was no community property and no property in which the wife owned an undisputed interest. Here her only property claim is a disputed one, a claimed interest in her husband's business which, under the evidence, we regard as doubtful. Under petitioner's own testimony her claim rests alone upon Nathan's unfulfilled promise of partnership. Certainly no valid partnership was created and no recognition was ever given by the parties or the public to the existence of one. Respondent's brief aptly describes petitioner's claim as more in the nature of a "chose-in-action" than an ownership in property.

It was in 1932, while petitioner was helping Nathan open and operate a branch store in Cincinnati, that the promise of partnership was made, and it is not entirely clear whether the promised partnership related to the Cincinnati or Detroit store only or to Nathan's entire interest in the B & N Sales. The value of Nathan's interest in either store was not shown, nor was there evidence as to the value of Nathan's total interest in B & N Sales. Petitioner contributed no capital to the business and the only personal service rendered by her was several months in each of the Cincinnati and Detroit stores and about 3 weeks in the Cleveland store, all of which was prior to 1935 when petitioner's first child was born.

Though petitioner's attorneys threatened to bring suit to establish her claim in the business, none of the five who represented her at different times during the negotiations, which continued from 1941 to 1944, ever brought any form of legal action. An unfulfilled promise of 10 years duration, with no steps taken to enforce it, would seem to be of questionable validity.

If it be conceded that petitioner did own an interest in the business or had a valid claim for damages as result of Nathan's breach of his contract to give her such an interest, there is no evidence in the record from which such valuation may be determined. In the absence of such we cannot say that the $38,000 or a part thereof may have been regarded as sufficient in full payment of her so-called property interest, and if so, no part of the periodic payments may be deemed in settlement of property rights.

Furthermore, we think it affirmatively appears that the payments in question were designed primarily for petitioner's support and hence were made in discharge of a legal obligation because of the marital or family relationship. Among the circumstances so indicating are these:

(1) The fact that the monthly rate of these payments was $583, or only $83 in excess of the monthly payments made by Nathan for petitioner's support during the 3 years of their separation evidences his recognition of his marital obligation to support her, and also that the

same was an amount the parties deemed necessary for that purpose. That petitioner had had difficulty in living upon the $500 might be the reason for the $83 increase.

(2) Except for the 5-year clause, payments were to continue for an indefinite period until the wife died or remarried, which is more indicative of support than settlement of a property claim.

(3) The state law of Illinois provided for alimony after divorce, giving petitioner a legal right thereto, and in her bill for divorce she specifically prayed for alimony. While the decree of divorce does not term the payments alimony, it does recite that "the plaintiff having waived the same be and she is forever barred from making any claim for alimony." As we said in *Brown, supra,* "it would be unrealistic to hold that she gave up this right to support without consideration," and in *Hogg, supra,* "the wife obviously relinquished a present legal right to support in exchange for a future contractual right to support."

In an Illinois case of *Walters* v. *Walters,* 94 N. E. 2d 726, affd. 99 N. E. 2d 342, the court was called upon to determine whether certain payments under a decree of divorce were for support or whether they represented consideration for property settlement, and as a basis for its determination the court said:

> It is not the labels placed upon the decree of payments which constitutes them either alimony or lump sum property settlement, it is the elements inherent in the case as a whole.

Considering the evidence in this case as a whole, we think the respondent's determination should be affirmed.

*Decision will be entered for the respondent.*