Richard C. Richardson v. Commissioner.
Richardson v. Commissioner
Docket No. 48536.
United States Tax Court
T.C. Memo 1955-234; 1955 Tax Ct. Memo LEXIS 102; 14 T.C.M. (CCH) 941; T.C.M. (RIA) 55234; August 23, 1955
*102 Petitioner's wife instituted a suit against him for separate maintenance in connection with which she asked the court to enjoin petitioner from transferring his property. The court awarded alimony, pendente lite, and directed that petitioner pay her court costs and the fees of her attorneys. No decree of legal separation was entered in the proceedings. Held, that the amounts paid by the petitioner under the decrees of the court are nondeductible under section 23(u), I.R.C. of 1939. Held, further, that the court costs and counsel fees incurred by petitioner on his own behalf in defense of the suit are not deductible as nonbusiness expenses under section 23(a)(2). George W. Reilly, Esq., 14 North 8th Street, Richmond, Va., and Francis L. Worcester, C.P.A., for the petitioner. Robert L. Liken, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: This proceeding involves deficiencies in income tax for the years 1949 and 1950 in the amounts of $3,026.89 and $5,437.03, respectively, and an addition to income tax under section 294(d)(2) of the 1939 Code in the amount of $886.53. Respondent concedes that the penalty imposed under section 294(d)(2) was erroneously imposed. The issues are whether certain payments made by petitioner to his wife as alimony pendente lite, and court costs and attorney fees paid in connection with the suit in which the alimony was awarded, are deductible from gross income. Findings of Fact The facts set forth in a stipulation of facts are so found. Petitioner, a resident of New Kent County, Virginia, filed his returns for the taxable years with the collector of internal revenue at Richmond, Virginia. On August 10, 1943, petitioner was married to Doris Catherine *104 Clark, hereinafter for convenience referred to as Doris. No children were born of the marriage. In or about June 1946, Doris filed a complaint against petitioner in the Chancery Court of the City of Richmond, Virginia, in which she alleged, among other things, that petitioner deserted her about August 1, 1945, and thereafter refused further cohabitation with her, and prayed that the court award to her "such sums by way of alimony pendente lite, suit money and preliminary counsel fees as to the court may seem just and proper in the circumstances," and at the proper time require petitioner to pay her "by way of permanent alimony for her support" such sums as the court may determine to be reasonable for her needs, and that petitioner be enjoined from disposing of any of his property during the pendency of the suit. On December 11, 1946, Doris filed a supplemental bill in the same court in which she alleged that petitioner had recently instituted a suit against her in the Law and Equity Court of the City of Richmond, seeking a declaratory judgment to the effect that the marriage was invalid, and prayed that petitioner be enjoined from prosecuting the suit in the Law and Equity Court. *105 In January 1947 petitioner and Doris were reconciled and lived together until June 1947. On November 22, 1948, Doris filed a second supplemental bill of complaint against petitioner in the Chancery Court in which she alleged that petitioner deserted her on June 7, 1947, and had informed her that he no longer intended to live with her, and prayed that the court award to her "such sums by way of alimony pendente lite, suit money and preliminary counsel fees as to the court may seem just and proper in the circumstances," and at the proper time require petitioner to pay to her by way of permanent alimony for her support such sums as the court determined to be reasonable for her needs; that petitioner be required to pay reasonable attorney fees to her counsel for their services in conducting the proceeding, and that petitioner be enjoined from disposing of any of his property, and from prosecuting the suit then pending in the Law and Equity Court against Doris concerning the validity of their marriage. Petitioner answered the complaint by filing a plea in abatement. The proceeding was heard by the Chancery Court on February 9, 1949, on the pleadings and motions filed therein. During *106 the course of the hearing counsel for Doris made a motion in open court "for the allowance to her of money for support, pendente lite, money on account of her attorney's fees and suit and expense money." Thereafter, on February 17, 1949, the court entered a decree in the proceeding striking the plea in abatement, overruling the motion of petitioner to dismiss the bill of complaint, and ordering that petitioner pay to Doris "for alimony pendente lite, until further order of this Court, the sum of $250.00 per month, the first payment to be made forthwith and as of the 1st day of February, 1949," her suit and expense money, and $500 on account of attorney fees. Pursuant to the court's decree of February 17, 1949, petitioner paid to Doris in 1949, $2,750 for alimony and $500 for attorney fees, and $2,500 in 1950, through October 1, for alimony. On July 24, 1950, pursuant to a decree of the court entered on the same day, petitioner paid to Doris the additional amount of $1,000 for attorney fees. On October 25, 1950, after hearing, the Chancery Court decided from the bench that petitioner had on two occasions deliberately deserted Doris, the last time on June 7, 1947, with the announced *107 intention that it would be permanent; that Doris was "entitled to a separate maintenance"; and that no reason appeared for not continuing the allowance of $250 per month for separate maintenance. Accordingly, on October 28, 1950, the court entered a decree entitled "Decree Awarding Separate Maintenance," denying the motion of petitioner to dismiss the suit, adjudging that petitioner and Doris were lawfully married on August 10, 1943, and that the petitioner had wilfully deserted and abandoned Doris on June 7, 1947, without just cause, and ordering that petitioner pay to Doris "a separate maintenance" of $250 per month until further order of the court, or the death of either party, the first payment to be made November 1, 1950; that petitioner pay to her or her counsel suit money and expenses incurred in the litigation in the amount of $87.28, and $1,500 for attorney fees for services of counsel in the proceeding. Payment of the amount of suit money and expenses and attorney fees ordered by the decree was made by petitioner on November 1, 1950. During the taxable years petitioner paid to his attorneys in the litigation with Doris, and court costs, as follows: 1949
1950
Attorney fees
$1,875.00
$2,450.00
Court costs
101.20
644.40
*108 Petitioner reported in his returns for the taxable years gross income as follows, cents omitted: 1949
1950
Compensation
$ 9,600
$ 8,100
Dividends and interest
34,899
44,643
Farm
( 3,499)
( 1,916)
Rents
( 323)
222
General store
( 2,462)
( 2,791)
Capital gain
( 1,000)
7,114
Partnership
15,058
17,650
Petitioner claimed as deductions in his returns for 1949 and 1950 the amounts of $5,226.20 and $8,681.28, respectively, for alimony, attorney fees, and court costs paid on account of the litigation with his wife. Except for $500 paid as alimony in November and December 1950 under the court's decree of October 28, 1950, the respondent disallowed all of the amounts as deductions in his determination of the deficiencies. Opinion The amounts involved as deductions in the alimony question were paid pursuant to the court decree entered on February 17, 1949. [1] Petitioner asserts that the deductions are authorized by sections 22(k) and 23(u), I.R.C. of 1939. Section 22(k) provides, to the extent material, that: "In the case of a wife who is divorced *109 or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which because of the marital or family relationship, is imposed upon or incurred by such husband under such decree * * * shall be includible in the gross income of such wife, * * *." [Italics supplied]. Section 23(u) provides: "In computing net income there shall be allowed as deductions: * * *
"(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k), in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection." The payments in question are not includible in the gross income of Doris under section 22(k), a requirement to be deductible from gross income of petitioner under section 23(u), unless there has been an alteration of the marital status by judicial process in at *110 least the following instances: "* * * The wife must be 'divorced or legally separated from her husband under a decree of divorce or of separate maintenance.' The payments in question must have been 'received subsequent to such decree.' And they must discharge an obligation 'under such decree or under a written instrument incident to such divorce or separation.'" [Charles L. Brown, 7 T.C. 715]. See also Frank J. Kalchthaler, 7 T.C. 625; George D. Wick, 7 T.C. 723, affd. 161 Fed. (2d) 732; Robert A. McKinney, 16 T.C. 916. In short, the periodic payments here may not be deducted unless they were made under a decree of divorce or of separate maintenance. Smith v. Commissioner, 168 Fed. (2d) 446; Commissioner v. Walsh, 183 Fed. (2d) 803, affirming 11 T.C. 1093. None of the decrees granted a divorce and petitioner makes no contention to the contrary. The only decree with which we are concerned is the one entered February 17, 1949. That decree resulted from a hearing on complaints of Doris in which she prayed for "alimony, pendente lite," and an oral motion of her counsel at the *111 hearing for an allowance "of money for support, pendente lite." The decree ordered that petitioner pay to Doris "for alimony pendente lite, until further order of this Court, the sum of $250.00 per month." Petitioner argues on brief that the decree was for separate maintenance based upon a legal separation of the parties under the laws of Virginia, to which we must look to learn whether the decree altered the marital status of petitioner and his wife. Marriner S. Eccles, 19 T.C. 1049, affd. per curiam, 208 Fed. (2d) 796. A deserted wife in Virginia has, as petitioner concedes, several courses of action against her husband for his misconduct, including the proceeding instituted by Doris. That suit was in equity independent of her statutory right to file a suit for divorce or legal separation. Heflin v. Heflin, 177 Va. 385, 14 S.E. (2d) 317; Montgomery v. Montgomery, 183 Va. 96, 31 S.E. (2d) 284. Doris did not pray for an alteration of her marital status, and none was made by the court in its decree. She did ask for an allowance for maintenance, and the court, clearly within its jurisdiction, awarded her alimony, pendente lite, *112 which was made permanent in October 1950, after a hearing on the merits, without disturbing the marital relationship of the parties. No decree of legal separation having been entered, Doris did not receive the payments as "a wife who is divorced or legally separated." We have held that payments of alimony, pendente lite, are not within section 22(k), and consequently are not deductible under section 23(u). George A. Wick, supra; Joseph A. Fields, 14 T.C. 1202; Robert A. McKinney, supra. The same conclusion is reached here. Petitioner concedes that the payments he made to his wife for attorney fees and court costs are a part of the allowance made by the court as alimony and contends that they were a part of his regular periodic payments. Assuming that the amounts paid in lump sums constitute periodic payments, as part of the allowance as alimony the amounts are not deductible by petitioner for the reasons given in our discussion of the deductibility of the monthly payments. The counsel fees paid by petitioner to his attorneys, and the court costs incurred by him in the proceedings, are being claimed as nonbusiness expense deductions under *113 section 23(a)(2), I.R.C. of 1939, upon the ground that they constitute expenses "of protecting income production when that property is held for that purpose." Like questions involving similar facts have been before us for consideration and in each instance deduction of the expense was denied. See Lindsay C. Howard, 16 T.C. 157, affd. 202 Fed. (2d) 28, and Thorne Donnelley, 16 T.C. 1196, in which payment of alimony awarded by court decrees was resisted, and Andrew Jergens, 17 T.C. 806, involving attorney fees paid in defense of a suit brought by the taxpayer's former wife for specific performance under a separation agreement. The primary object of the complaints filed by Doris was to obtain a reasonable allowance by the court for her maintenance as the deserted wife of petitioner. The expenses in question were incurred by petitioner in an effort to defeat her claim and thereby avoid his legal and moral obligation to support his wife. Successful defense against the claim for Doris for support money would have defeated her demand that petitioner be enjoined from transferring his property. The injunction relief sought was not granted *114 and, therefore, the threat to full economic enjoyment of his property was no greater than the possibility of seizure in Thorne Donnelley, supra.Petitioner regarded the move of his wife as no more than an attempt to "vex and harass" him. That it was never seriously pressed is borne out by the fact that the court never formally ruled on the motion. In Baer v. Commissioner, 196 Fed. (2d) 646, the court thought that because of the substantial threat of the litigation to the capacity of the taxpayer to earn income, the legal expense had sufficient relationship to the management and conservation of property held for the production of income to be within the statute, contrary to the view we expressed. Arthur B. Baer, 16 T.C. 1418. Such a situation does not prevail here. The rationale of the cases heretofore decided by us on like issues controls the answer here. Accordingly, we find for respondent on this issue. Except for the penalty, which respondent concedes was erroneously imposed, Decision will be entered for the respondent. Footnotes
1. Any payments made by petitioner under the decree of October 28, 1950, are not at issue.↩